## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON )
4801 Cowslip Court )
Oxon Hill, MD 20745 )
                                             )
       Plaintiff )
                                              )
     v. )        Case No.:
                                              )
THE DISTRICT OF COLUMBIA )
                                              )
and )
                                              )
MARCIA L. SLAUGHTER )
100 42nd St., NE )
Washington, DC 20019 )
                                              )
and )
                                              )
SHAWNEE NOWLIN )
100 42nd St., NE )
Washington, DC 20019 )
                                              )
       Defendants )
_____ )

## <u>COMPLAINT</u>

       Plaintiff, Donald Ray Hinton (hereinafter "Plaintiff"), by and through his

attorneys, Louis Fireison & Associates, P.A., Louis Fireison, Esquire, and Vincent T.

Lyon, Esquire, and for a cause of action states the following:

## <u>PARTIES</u>

       1.    Plaintiff is an adult citizen of the United States and a resident of the State

of Maryland.

       2.    Defendant, Marcia L. Slaughter, is an officer of the Metropolitan Police

1

Department, and upon information and belief is an adult citizen of the United States and a resident of the District of Columbia.

3.    Defendant, Shawnee Nowlin, is an officer of the Metropolitan Police Department, and upon information and belief is an adult citizen of the United States and a resident of the District of Columbia.

4.    The Metropolitan Police Department is an Agency of the District of Columbia Government with its principle offices in the District of Columbia.

## JURISDICTION

5.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 4 as if fully set forth herein.

6.    This Court has original jurisdiction over the action based on diversity of citizenship under the provisions of 28 U.S.C. § 1332 and pursuant to a Federal question under the provisions of 28 U.S.C. § 1331.  This civil action involves violation of Plaintiff's civil rights, arising under Title 42 of the United States Code.

## FACTS COMMON TO ALL COUNTS

7.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 6 as if fully set forth herein.

8.    Plaintiff is a registered nurse who works at Greater Southeast Community Hospital (hereinafter "the Hospital").

9.    On the morning of May 6, 2006, Plaintiff was on the fifth floor of the Hospital.

10.    Room 529 of the Hospital was occupied by a patient who was a prisoner

of the Metropolitan Police Department.

11.    Defendants Slaughter and Nowlin were present on the fifth floor of the

Hospital to guard the prisoner.

12.    Shortly after 8:00 a.m., Plaintiff noticed Defendants Slaughter and Nowlin

sitting on chairs in the hall outside room 529, with two tables.

13.    Plaintiff approached Defendants Slaughter and Nowlin and informed them

that positioning tables and chairs in the hall was a safety hazard and a violation of the

Fire Code.

14.    Plaintiff further informed Defendants Slaughter and Nowlin that food and

drink were not allowed in the hallways.

15.    Plaintiff requested Defendants Slaughter and Nowlin to return with the

tables and chairs into room 529.

16.    Defendants Slaughter and Nowlin refused to comply.

17.    Defendants Slaughter and Nowlin became aggressive and threatening

until Plaintiff left the immediate area.

18.    Plaintiff went to the nurse's station where he informed Vera L. Alsobrooks

of the situation.

19.    Ms. Alsobrooks called for the nursing supervisor and then proceeded to

ask the officers to return the tables and chairs to the room.

20.    Plaintiff accompanied Ms. Alsobrooks to the hallway outside room 529,

where they also met with Judith Ann O'Connell, the nursing supervisor.

21.    Defendants Slaughter and Nowlin returned the tables and chairs to the

3

room.

22.     Plaintiff requested the officers go into the room and not stand in the hallway.

23.     One of the officers responded by grabbing Plaintiff, pushing him against the wall, pushing her knee into his back and placing handcuffs upon him.

24.     Plaintiff was subsequently arrested and charged with Disorderly Conduct and with Assault on a Police Officer.

25.     Plaintiff was incarcerated.

26.     Plaintiff was charged and then released.

27.     All charges against the Plaintiff were subsequently dismissed.

### COUNT I
### False Arrest (Defendant Nowlin)

28.     Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 27 as if fully set forth herein.

29.     Defendant Nowlin had no rational reason to believe that Plaintiff had done anything unlawful.

30.     Despite this, Defendant Nowlin pushed Plaintiff against a wall, handcuffed Plaintiff, and Plaintiff was subsequently incarcerated.

31.     Plaintiff's arrest was made without a warrant and demonstrated ill will and an improper purpose.

32.     The fact that Plaintiff informed Defendants Slaughter and Nowlin of the fire safety regulations and attempted to convince them to comply did not constitute

4

probable cause needed to make a warrantless arrest.

33.    As a result of Defendant Nowlin's actions, Plaintiff suffered, and will continue to suffer, severe mental anguish, medical and other related expenses.

WHEREFORE, Plaintiff demands judgment against Defendant Nowlin in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

**COUNT II**
**False Arrest (Defendant Slaughter)**

34.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 33 as if fully set forth herein.

35.    Defendant Slaughter had no rational reason to believe that Plaintiff had done anything unlawful.

36.    Despite this, Defendant Slaughter pushed Plaintiff against a wall, handcuffed Plaintiff, and Plaintiff was subsequently incarcerated.

37.    Plaintiff's arrest was made without a warrant and demonstrated ill will and an improper purpose.

38.    The fact that Plaintiff informed Defendants Slaughter and Nowlin of the fire safety regulations and attempted to convince them to comply did not constitute probable cause needed to make a warrantless arrest.

39.    As a result of Defendant Slaughter's actions, Plaintiff suffered, and will continue to suffer, severe mental anguish, medical and other related expenses.

WHEREFORE, Plaintiff demands judgment against Defendant Slaughter in the

amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT III
### False Arrest (District of Columbia)

40.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 39 as if fully set forth herein.

41.    Defendants Slaughter and Nowlin caused Plaintiff to be handcuffed and incarcerated without rationale reason to believe such actions were lawful.

42.    At all times relevant to the Complaint, Defendants Slaughter and Nowlin were employees of the District of Columbia.

43.    At the time described in the Complaint, Defendants Slaughter and Nowlin were engaged in the business of the District of Columbia, and were acting within the scope of their employment and in furtherance of the District of Columbia's interests.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT IV
### False Imprisonment (Defendant Nowlin)

44.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 43 as if fully set forth herein.

45.    Plaintiff attempted to convince Defendant Nowlin to get out of the hallway pursuant to the fire code.

46.    Defendant Nowlin responded by pushing Plaintiff against a wall,

6

handcuffing Plaintiff and causing Plaintiff to be incarcerated.

47.    By pressing Plaintiff against a wall, Defendant caused Plaintiff to be unlawfully deprived of his liberty of movement.

48.    By handcuffing Plaintiff, Defendant caused Plaintiff to be unlawfully deprived of his liberty of movement.

49.    By causing Plaintiff to be incarcerated, Defendant caused Plaintiff to be unlawfully deprived of his liberty to move.

50.    Plaintiff was detained against his will for a matter of days.

51.    As a result of the actions by Defendant Nowlin, Plaintiff suffered damage by being unlawfully held against his will for an extended period of time.

WHEREFORE, Plaintiff demands judgment against Defendant Nowlin in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT V
### False Imprisonment (Defendant Slaughter)

52.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 51 as if fully set forth herein.

53.    Plaintiff attempted to convince Defendant Slaughter to get out of the hallway pursuant to the fire code.

54.    Defendant Slaughter responded by pushing Plaintiff against a wall, handcuffing Plaintiff and causing Plaintiff to be incarcerated.

55.    By pressing Plaintiff against a wall, Defendant caused Plaintiff to be

unlawfully deprived of his liberty of movement.

56.    By handcuffing Plaintiff, Defendant caused Plaintiff to be unlawfully deprived of his liberty of movement.

57.    By causing Plaintiff to be incarcerated, Defendant caused Plaintiff to be unlawfully deprived of his liberty to move.

58.    Plaintiff was detained against his will for a matter of days.

59.    As a result of the actions by Defendant Slaughter, Plaintiff suffered damage by being unlawfully held against his will for an extended period of time.

WHEREFORE, Plaintiff demands judgment against Defendant Slaughter in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT VI
### False Imprisonment (District of Columbia)

60.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 59 as if fully set forth herein.

61.    Defendants Slaughter and Nowlin caused Plaintiff to be pressed against a wall, handcuffed and incarcerated, depriving him of his liberty of movement for an extended period, against his will.

62.    At all times relevant to the Complaint, Defendants Slaughter and Nowlin were employees of the District of Columbia.

63.    At the time described in the Complaint, Defendants Slaughter and Nowlin were engaged in the business of the District of Columbia, and were acting within the

8

scope of their employment and in furtherance of the District of Columbia's interests.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT VII
### Assault and Battery (Defendant Nowlin)

64.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 63 as if fully set forth herein.

65.    Defendant Nowlin laid her hands on Plaintiff and pushed him against a wall.

66.    Defendant Nowlin pushed her knee with force into Plaintiff's back.

67.    Defendant Nowlin placed handcuffs on Plaintiff's wrists and fastened them tight enough to cause severe pain and discomfort.

68.    Defendant Nowlin's actions constituted an intentional harmful and offensive touching.

69.    As a result of Defendant Nowlin's actions, Plaintiff experienced substantial pain and suffering, humiliation and mental distress.

WHEREFORE, Plaintiff demands judgment against Defendant Nowlin in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT VIII
### Assault and Battery (Defendant Slaughter)

70.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 69 as if

fully set forth herein.

71.     Defendant Slaughter laid her hands on Plaintiff and pushed him against a wall.

72.     Defendant Slaughter pushed her knee with force into Plaintiff's back.

73.     Defendant Slaughter placed handcuffs on Plaintiff's wrists and fastened them tight enough to cause severe pain and discomfort.

74.     Defendant Slaughter's actions constituted an intentional harmful and offensive touching.

75.     As a result of Defendant Slaughter's actions, Plaintiff experienced substantial pain and suffering, humiliation and mental distress.

WHEREFORE, Plaintiff demands judgment against Defendant Slaughter in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

### COUNT IX
**Assault & Battery (District of Columbia)**

76.     Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 75 as if fully set forth herein.

77.     Defendants Slaughter and Nowlin caused Plaintiff to be pressed against a wall, kneed in the back, and handcuffed.

78.     At all times relevant to the Complaint, Defendants Slaughter and Nowlin were employees of the District of Columbia.

79.     At the time described in the Complaint, Defendants Slaughter and Nowlin

were engaged in the business of the District of Columbia, and were acting within the scope of their employment and in furtherance of the District of Columbia's interests.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT X
### Malicious Prosecution (Defendant Nowlin)

80.     Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 79 as if fully set forth herein.

81.     Defendant Nowlin through her actions described above set in motion an event resulting in Plaintiff being arraigned on charges of Assaulting a Police Officer and Disturbing the Peace.

82.     Defendant Nowlin acted with malice and without probable cause.

83.     The charges against Plaintiff were dismissed.

84.     As a result of Defendant Nowlin's actions, Plaintiff was humiliated, arrested, and spent time in jail and an arrest record was created.

WHEREFORE, Plaintiff demands judgment against Defendant Nowlin in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT XI
### Malicious Prosecution (Defendant Slaughter)

85.     Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 84 as if fully set forth herein.

11

86.    Defendant Slaughter through her actions described above set in motion an event resulting in Plaintiff being arraigned on charges of Assaulting a Police Officer and Disturbing the Peace.

87.    Defendant Slaughter acted with malice and without probable cause.

88.    The charges against Plaintiff were dismissed.

89.    As a result of Defendant Slaughter's actions, Plaintiff was humiliated, arrested, and spent time in jail and an arrest record was created.

WHEREFORE, Plaintiff demands judgment against Defendant Slaughter in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT XII
### Malicious Prosecution (District of Columbia)

90.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 89 as if fully set forth herein.

91.    The District of Columbia, through it's agents, caused Plaintiff to be arraigned on charges of Assaulting a Police Officer and Disturbing the Peace.

92.    The District of Columbia, through its agents, acted with malice and without probable cause.

93.    As a result the District of Columbia's actions, Plaintiff was humiliated, arrested, and spent time in jail and an arrest record was created.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive

damages, with interest and costs.

## COUNT XIII
### Intentional Infliction of Emotional Distress (Defendant Nowlin)

94.     Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 93 as if fully set forth herein.

95.     When Plaintiff attempted to convince Defendants Slaughter and Nowlin to clear the hallway for fire safety reasons, Defendant Nowlin responded by yelling insults and obscenities and threatening to arrest Plaintiff.

96.     When Plaintiff returned with his supervisor, Defendant Nowlin responded by shoving Plaintiff against a wall, putting her knee in his back, handcuffing him and arresting him.

97.     Defendant Nowlin's conduct was intentional.

98.     Defendant Nowlin's conduct was extreme and outrageous.

99.     As a result of Defendant Nowlin's conduct, Plaintiff experienced severe emotional distress.  He experienced chest pain and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against Defendant Nowlin in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT XIV
### Intentional Infliction of Emotional Distress (Defendant Slaughter)

13

100.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 99 as if fully set forth herein.

101.    When Plaintiff attempted to convince Defendants Slaughter and Nowlin to clear the hallway for fire safety reasons, Defendant Slaughter responded by yelling insults and obscenities and threatening to arrest Plaintiff.

102.    When Plaintiff returned with his supervisor, Defendant Slaughter responded by shoving Plaintiff against a wall, putting her knee in his back, handcuffing him and arresting him.

103.    Defendant Slaughter's conduct was intentional.

104.    Defendant Slaughter's conduct was extreme and outrageous.

105.    As a result of Defendant Slaughter's conduct, Plaintiff experienced severe emotional distress.  He experienced chest pain and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against Defendant Slaughter in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT XV
### Intentional Infliction of Emotional Distress (District of Columbia)

106.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 105 as if fully set forth herein.

14

107.    Plaintiff attempted to convince Defendants Slaughter and Nowlin to clear the hallway for fire safety reasons.

108.    Defendants Slaughter and Nowlin responded by yelling insults and obscenities and threatening to arrest Plaintiff, and when Plaintiff returned with his supervisor, Defendants Slaughter and Nowlin responded by shoving Plaintiff against a wall, kneeing him in the back, handcuffing him and arresting him.

109.    This intentional conduct was perpetrated by the agents and employees of the District of Columbia and within the scope of their employment.

110.    As a result of Defendant's conduct, Plaintiff experienced severe emotional distress.  He experienced chest pain and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

<u>**COUNT XVI**</u>
**Negligent Infliction of Emotional Distress (Defendant Nowlin)**

111.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 110 as if fully set forth herein.

112.    When Plaintiff attempted to convince Defendants Slaughter and Nowlin to clear the hallway for fire safety reasons, Defendant Nowlin responded by yelling insults

15

and obscenities and threatening to arrest Plaintiff.

113.   When Plaintiff returned with his supervisor, Defendant Nowlin responded by shoving Plaintiff against a wall, putting her knee in his back, handcuffing him and arresting him.

114.   Defendant Nowlin's conduct was negligent, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

115.   Defendant Nowlin's conduct was extreme and outrageous.

116.   As a result of Defendant Nowlin's conduct, Plaintiff experienced severe emotional distress.  He experienced chest pain and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against Defendant Nowlin in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT XVII
### Negligent Infliction of Emotional Distress (Defendant Slaughter)

117.   Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 116 as if fully set forth herein.

118.   When Plaintiff attempted to convince Defendants Slaughter and Nowlin to clear the hallway for fire safety reasons, Defendant Slaughter responded by yelling insults and obscenities and threatening to arrest Plaintiff.

119.    When Plaintiff returned with his supervisor, Defendant Slaughter responded by shoving Plaintiff against a wall, putting her knee in his back, handcuffing him and arresting him.

120.    Defendant Slaughter's conduct was negligent, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff.

121.    Defendant Slaughter's conduct was extreme and outrageous.

122.    As a result of Defendant Slaughter's conduct, Plaintiff experienced severe emotional distress.  He experienced chest pain and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against Defendant Slaughter in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## <u>COUNT XVIII</u>
### Negligent Infliction of Emotional Distress (District of Columbia)

123.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 122 as if fully set forth herein.

124.    Plaintiff attempted to convince Defendants Slaughter and Nowlin to clear the hallway for fire safety reasons.

125.    Defendants Slaughter and Nowlin responded by yelling insults and obscenities and threatening to arrest Plaintiff, and when Plaintiff returned with his

supervisor, Defendants Slaughter and Nowlin responded by shoving Plaintiff against a wall, kneeing him in the back, handcuffing him and arresting him.

126.    This conduct was perpetrated by the agents and employees of the District of Columbia and within the scope of their employment.

127.    As a result of Defendant's negligent conduct, Plaintiff experienced severe emotional distress.  He experienced chest pain and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

### COUNT XIX
### Negligent Training and Supervision (District of Columbia)

128.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 127 as if fully set forth herein.

129.    Defendants Slaughter and Nowlin were at all times relevant to the Comlaint employees of the District of Columbia.

130.    The District of Columbia has a duty to ensure that all of its employees are adequately trained and supervised.

131.    Defenants Slaughter and Nowlin's unlawful treatment of Plaintiff would not have occurred had Defendants Slaughter and Nowlin been adequately trained and

supervised.

132.    As a result of the District of Columbia's negligent training and supervision of its employees, Plaintiff experienced severe emotional distress, chest pain and was admitted to the emergency room and then transferred to the critical care unit of the Hospital, was humiliated and has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

<u>COUNT XX</u>
**42 USC 1983 (District of Columbia)**

133.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 132 as if fully set forth herein.

134.    Plaintiff attempted to convince Defendants Slaughter and Nowlin to clear the hallway for fire safety reasons.

135.    Defendants Slaughter and Nowlin responded by yelling insults and obscenities and threatening to arrest Plaintiff, and when Plaintiff returned with his supervisor, Defendants Slaughter and Nowlin responded by shoving Plaintiff against a wall, kneeing him in the back, handcuffing him and arresting him.

136.    This intentional conduct was perpetrated by the agents and employees of the District of Columbia and within the scope of their employment.

137.    The unlawful arrest and treatment of Plaintiff was a violation of his rights

19

privileges and immunities as guaranteed by the United States Constitution and the laws of the District of Columbia.

138.    As a result of Defendant's conduct, Plaintiff experienced severe emotional distress, chest pain, and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against the District of Columbia in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT XXI
### 42 USC 1983 (Defendant Slaughter)

139.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 138 as if fully set forth herein.

140.    Plaintiff attempted to convince Defendant Slaughter to clear the hallway for fire safety reasons.

141.    Defendant Slaughter responded by yelling insults and obscenities and threatening to arrest Plaintiff, and when Plaintiff returned with his supervisor, Defendant Slaughter responded by shoving Plaintiff against a wall, kneeing him in the back, handcuffing him and arresting him.

142.    The unlawful arrest and treatment of Plaintiff was a violation of his rights privileges and immunities as guaranteed by the United States Constitution and the laws of the District of Columbia.

20

143.    As a result of Defendant's conduct, Plaintiff experienced severe emotional distress, chest pain, and was admitted to the emergency room and then transferred to the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against Defendant Slaughter in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

## COUNT XXII
### 42 USC 1983 (Defendant Nowlin)

144.    Plaintiff repleads and incorporates the allegations in ¶¶ 1 through 143 as if fully set forth herein.

145.    Plaintiff attempted to convince Defendant Nowlin to clear the hallway for fire safety reasons.

146.    Defendant Nowlin responded by yelling insults and obscenities and threatening to arrest Plaintiff, and when Plaintiff returned with his supervisor, Defendants Nowlin responded by shoving Plaintiff against a wall, kneeing him in the back, handcuffing him and arresting him.

147.    The unlawful arrest and treatment of Plaintiff was a violation of his rights privileges and immunities as guaranteed by the United States Constitution and the laws of the District of Columbia.

148.    As a result of Defendant's conduct, Plaintiff experienced severe emotional distress, chest pain, and was admitted to the emergency room and then transferred to

the critical care unit of the Hospital.  He has suffered and will continue to suffer severe emotional distress and has incurred and may continue to incur significant medical bills.

WHEREFORE, Plaintiff demands judgment against Defendant Nowlin in the amount of $500,000.00 in compensatory damages and $1,000,000.00 in punitive damages, with interest and costs.

Respectfully submitted,

LOUIS FIREISON & ASSOCIATES, P.A.

By: _____
_____ Louis Fireison, #103424


By: _____
_____ Vincent T. Lyon, #MD16397
4550 Montgomery Avenue
Suite 910N
Bethesda, Maryland  20814-3344
(301) 652-7500

<u>JURY DEMAND</u>

Plaintiff requests a trial by jury on all issues and matters raised and contained herein.

_____
Vincent T. Lyon

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1  U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3  Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| **A.** *Antitrust* | **B.** *Personal Injury/ Malpractice* | **C.** *Administrative Agency Review* | **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | 151 Medicare Act<br><br>Social Security:<br>861 HIA ((1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g)<br>864 SSID Title XVI<br>865 RSI (405(g))<br>Other Statutes<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| **E.** *General Civil (Other)* | **OR** | **F.** *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent, Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property<br><br>**Personal Property**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | **Bankruptcy**<br>422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br><br>**Property Rights**<br>820 Copyrights<br>830 Patent<br>840 Trademark<br><br>**Federal Tax Suits**<br>870 Taxes (US plaintiff or defendant<br>871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>610 Agriculture<br>620 Other Food &Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 RR & Truck<br>650 Airline Regs<br>660 Occupational Safety/Health<br>690 Other<br><br>**Other Statutes**<br>400 State Reapportionment<br>430 Banks & Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation | 470 Racketeer Influenced & Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Securities/Commodities/ Exchange<br>875 Customer Challenge 12 USC 3410<br>900 Appeal of fee determination under equal access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND: | YES    NO |

| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES    NO | If yes, please complete related case form. |
|---|---|---|---|

DATE                SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT   (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.      RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.