THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD RAY HINTON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No. 1:07-00807 |
| v, ) | |
| ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
|    Defendants. ) | |
| _____) | |

## ANSWER TO THE COMPLAINT

Defendants the District of Columbia and Marcia Slaughter, by and through counsel, herein answer Plaintiff's Complaint, and state as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The following answers correspond to the numbered paragraphs in the complaint:

1. Defendants lack knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 1 of the Complaint .

2. Defendants admit that defendant Slaughter is an officer with the D.C. Metropolitan Police Department. Defendants also admit that defendant Slaughter is a U.S. citizen. The disclosure of information as it relates to the remaining allegations in paragraph 2 of the Complaint are protected by privacy rights and/or by statute which precludes the District from disclosing the requested information. See D.C. Official Code §§ 1-631.01, and 1-631.03.

3. Defendants admit that defendant Nowlin is an officer of the D.C. Metropolitan Police

Department. These defendants are unable to either admit or deny the remaining allegations in paragraph 3 of the Complaint as it relates to the privacy interests of another party, and the District s precluded by statute from releasing personal information of an employee that is contained in the employee's personnel records. See D.C. Official Code§§ 1-631.01, and 1-631.03.

4.  These defendants admit the allegations in paragraph 4 of the Complaint.

5.  The defendants repeat and incorporate their responses to paragraphs 1-4 in their Answer to plaintiff's Complaint..

6.  The defendants recognizes the statutory authorities set forth in Plaintiff's Complaint, but denies that they necessarily give this Court jurisdiction over this matter or these parties.

7.  The defendants repeat and incorporate their responses to paragraphs 1-6 in their Answer to plaintiff's Complaint

8.  These defendants admit that the plaintiff worked at Greater Southeast Community Hospital. These defendants are unaware of her title, and therefore can neither admit nor deny the remaining allegations in paragraph #8.

9-13. The defendants admit the allegations in paragraphs 9-13.

14.  The defendants deny the allegations in paragraph 14.

15.  The defendants admit the allegations in paragraph 15.

16.  The defendants deny the allegations in paragraph 16.

17.  The allegations in paragraph 17 are the conclusions of the pleader to which no response is required. To the extent a response is required, these defendants deny the allegations.

18-21. The defendants lack knowledge or information to either admit or deny the allegations in

paragraphs 18 through 21 of the Complaint. To the extent a response is required, these defendants deny the allegations.

22.    These defendants admit to the allegation in paragraph 22 of the Complaint.

23.    These defendants deny the allegations in paragraph 23 of the Complaint.

24.    These defendants admit to the allegation in paragraphs 24 through 26 of the Complaint

27.    These defendants lack sufficient information or knowledge to either admit or deny the allegations contained in paragraph 27 of the Complaint.

## COUNT I
### False Arrest (Defendant Nowlin)

28.    These defendants repeat and incorporate their responses to paragraphs 1-27 as if fully set forth herein.

29-33.    The allegations in paragraphs 29 through 33 are not directed toward these defendants and may contain the legal conclusion of the pleader to which no response is required.

## COUNT II
### False Arrest (Defendant Slaughter)

34.    These defendants repeat and incorporate their responses to paragraphs 1-33 in their Answer as if fully set forth herein. The allegations contained in paragraphs 35 through 39 do not relate to the District of Columbia, and therefore do not require a response from this defendant.

35.    Defendant Slaughter denies the allegations in paragraph 35 of the Complaint.

36.    This defendant admits that she handcuffed plaintiff, and plaintiff was incarcerated. This defendant denies the remaining allegations as they are misleading.

37.-39.    The allegations contained in paragraphs 37 through 39 of the Complaint are the legal

conclusions of the pleader to which no response is required.

## COUNT III
False Arrest (District of Columbia).

40.     These defendants repeat and incorporate their responses to in paragraphs 1-39. in their Answer as if fully set forth herein.   The allegations in paragraphs 41 through 43, do not relate to defendant Slaughter and therefore does not require a response from this defendant.

41.     Defendant District admits that the plaintiff was handcuffed, but denies the remaining allegations in paragraph 41 of the Complaint.

42-43. This defendant admits the allegations in paragraphs 42 and 43 of the Complaint.

## COUNT IV
False Imprisonment (Defendant Nowlin).

44.     These defendants repeat and incorporate their responses to in paragraphs 1-43. in their Answer as if fully set forth herein.

45.-51. The allegations in paragraphs 45 through 51 are not directed toward these defendants and may contain the legal conclusion of the pleader to which no response is required.

## COUNT V
False Imprisonment (Defendant Slaughter)

52.     These defendants repeat and incorporate their responses to paragraphs 1-51 of their Answer as if fully set forth herein.  The allegations in paragraphs 52 through 59 do not relate to defendant District of Columbia and therefore do not require a response from this defendant.

53.     Defendant Slaughter admits to the allegations contained in paragraph 53 of the Complaint.

54.     Defendant Slaughter admits that plaintiff was detained, handcuffed and caused to be incarcerated.  This defendant denies the remaining allegations as worded as it is misleading.

13

55-59. The allegations in paragraphs 55 through 57 are legal conclusions of the pleader to which no response is required.

**COUNT VI**
False Imprisonment (District of Columbia)

60. The defendants repeat and incorporate their responses to paragraphs 1-59 in their Answer as if fully set forth herein. The allegations in paragraphs 60 through 63 do not relate to defendant Slaughter and therefore do not require a response from this defendant.

61. The allegations in paragraph 61 are the legal conclusion of the pleader to which no response is required.

62. -63. This defendant admits the allegations in paragraphs 62 and 63 in the Complaint.

**COUNT VII**
Assault and Battery (Defendant Nowlin)

64. These defendants repeat and incorporate their responses to paragraphs 1 through 63 in their Answer as if fully set forth herein.

65.-69. The allegations in paragraphs 65 through 69 are not directed toward these defendants and may contain the legal conclusion of the pleader to which no response is required.

**COUNT VIII**
Assault and Battery (Defendant Slaughter)

70. These defendants repeat and incorporate their responses to paragraphs 1 through 69 in their Answer as if fully set forth herein. The allegations in paragraphs 70 through 75 do not relate to defendant District of Columbia and therefore do not require a response from this defendant.

71. Defendant Slaughter admits that plaintiff was arrested and handcuffed. The remaining

allegations are the conclusions of the pleader to which no response is required.

72.     This defendant denies the allegations in paragraph 72 of the Complaint.

73.     This defendant admits that handcuffs were placed on plaintiff's wrists. Further answering, this defendant denies the remaining allegations.in paragraph 73 of the Complaint.

74-75.  This defendant denies the allegations in paragraphs 74 and 75 of the Complaint.

## COUNT IX
Assault & Battery (District of Columbia)

76.     These defendants repeat and incorporate their responses to paragraphs 1 through 75 in their Answer as if fully set forth herein. The allegations in paragraph 77 through 79 do not relate to defendant Slaughter, and therefore do not require a respons from this defendant.

77.     This defendant admits that the plaintiff was placed against a wall and handcuffed, but deny the remaining allegations.

78.-79. This defendant admits the allegations contained in paragraphs 78 and 79 of the Complaint.

## COUNT X
Malicious Prosecution (Defendant Nowlin)

80.     These defendants repeat and incorporate their responses to paragraphs 1 through 79 in their Answer as if fully set forth herein.

81-84.  The allegations in paragraphs 81 through 84 are not directed toward these defendants, and may contain the legal conclusion of the pleader to which no response is required.

## COUNT XI
Malicious Prosecution (Defendant Slaughter)

85.     These defendants repeat and incorporate their responses to paragraphs 1 through 84 in their

15

Answer as if fully set forth herein. The allegations in paragraphs 86 through 89, do not relate to defendant District of Columbia, and therefore do not require a response from this defendant.

86. Defendant Slaughter admits that plaintiff was charged with Assault on a Police Officer, but denied that the acts referenced were unlawful.

87. Defendant Slaughter denies the allegations in paragraphs 87 of the Complaint.

88. This defendant lacks sufficient information to either admit or deny the allegations in paragraph 88 of the Complaint.

89. The defendant denies the allegations in paragraph 89 of the Complaint.

## COUNT XII
Malicious Prosecution (Defendant District of Columbia)

90. These defendants repeat and incorporate their responses to paragraphs 1 through 84 in their Answer as if fully set forth herein. The allegations in paragraphs 91 through 93 do not relate to defendant Slaughter, and therefore do not require a response from this defendant.

91. The allegations in paragraph 91 of the Complaint are the conclusions of the pleader to which no response is required.

92 -93. This defendant denies the allegations in paragraph 92 and 93 of the Complaint.

## COUNT XIII
Intentional Infliction of Emotional Distress (Defendant Nowlin)

94. These defendants repeat and incorporate their responses to paragraphs 1 through 93 in their Answer as if fully set forth herein.

95-99. The allegations in paragraphs 95 through 99 do not relate to defendants District of Columbia or Slaughter, and therefore do not require a response from these defendants.

## COUNT XIV
Intentional Infliction of Emotional Distress (Defendant Slaughter)

100.    These defendants repeat and incorporate their responses to paragraphs 1 through 99 in their Answer as if fully set forth herein.  The allegations in paragraphs 101 through 105 do not relate to defendant District of Columbia, and therefore do not require a response from this defendant.

101-105. This defendant denies the allegations in paragraphs 101 through 105 of the Complaint..

## COUNT XV
Intentional Infliction of Emotional Distress (Defendant District of Columbia)

106.    These defendants repeat and incorporate their responses to paragraphs 1 through 105 in their Answer as if fully set forth herein.  The allegations in paragraphs 107 through 110 do not relate to defendant Slaughter, and therefore do not require a response from this defendant.

107.    This defendant lacks sufficient information to either admit or deny the allegations in paragraph 107 of the Complaint.

108.    This defendant denies the allegations in paragraph 108 of the Complaint.

109    The allegations in paragraph 109 are the legal conclusion of the pleader to which no response is required from this defendant.

110.    This defendant denies the allegations in paragraph 110 of the Complaint.

## COUNT XVI
Negligent Infliction of Emotional Distress (Defendant Nowlin)

111.    These defendants repeat and incorporate their responses to paragraphs 1 through 110 in their Answer as if fully set forth herein.

112.-116. The allegations in paragraphs 112 through 116 do not relate to defendants District of

Columbia or Slaughter, and therefore do not require a response from these defendants.

## COUNT XVII
### Negligent Infliction of Emotional Distress (Defendant Slaughter)

117. These defendants repeat and incorporate their responses to paragraphs 1 through 110 in their Answer as if fully set forth herein. The allegations in paragraphs 118 through 122 do not relate to defendant District of Columbia, and therefore do not require a response from this defendant.

118.-122. Defendant Slaughter denies the allegations in paragraphs 118 through 122 of the Complaint.

## COUNT XVIII
### Negligent Infliction of Emotional Distress (Defendant District of Columbia)

123. These defendants repeat and incorporate their responses to paragraphs 1 through 116 in their Answer as if fully set forth herein. The allegations in paragraphs 123 through 127 do not relate to defendant Slaughter, and therefore do not require a response from this defendant.

124. This defendant lacks sufficient information to either admit or deny the allegations in paragraph 124 of the Complaint.

125.-127. This defendant denies the allegations in paragraphs 125 through 127 of the Complaint.

## COUNT XIX
### Negligent Training and Supervision  (Defendant District of Columbia)

128. These defendants repeat and incorporate their responses to paragraphs 1 through 127 in their Answer as if fully set forth herein. The allegations in paragraphs 129 through 132 do not relate to defendant Slaughter, and therefore do not require a response from this defendant.

129. This defendant admits the allegations in paragraph 129 of the Complaint.

130.    The allegations in paragraph 130 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

131.-132.  This defendant denies the allegations in paragraphs 131 and 132 of the Complaint.

## COUNT XX
### 42 U.S.C. § 1983 (Defendant District of Columbia)

133.    These defendants repeat and incorporate their responses to paragraphs 1 through 132 in their Answer as if fully set forth herein.  The allegations in paragraphs 134 through 138 do not relate to defendant Slaughter, and therefore do not require a response from this defendant.

134.    This defendant lacks sufficient information to either admit or deny the allegations in paragraph 134 of the Complaint.

135.    This defendant denies the allegations in paragraph 135 of the Complaint.

136.-138.  The allegations in paragraph 136 through 138 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant

## COUNT XXI
### 42 U.S.C. § 1983 (Defendant Slaughter)

139.  These defendants repeat and incorporate their responses to paragraphs 1 through 138 in their Answer as if fully set forth herein.  The allegations in paragraphs 140 through 143 do not relate to defendant District of Columbia, and therefore do not require a response from this defendant.

140.    This defendant lacks sufficient information to either admit or deny the allegations in paragraph 140 of the Complaint.

141.-143.  This defendant denies the allegations in paragraphs 141 through 143 of the Complaint.

## COUNT XXII

<u>42 U.S.C. § 1983 (Defendant Nowlin)</u>

144. These defendants repeat and incorporate their responses to paragraphs 1 through 143 in their Answer as if fully set forth herein.

145.-148. The allegations in paragraphs 145 through 148 do not relate to defendant District of Columbia or Slaughter, and therefore do not require a response from these defendants.

In further response to the Complaint, these defendants deny all allegations of wrongful conduct not expressly denied or otherwise responded to.

<u>Third Defense</u>

Defendant Slaughter may be entitled to qualified immunity for her complained-of conduct and the defendants may be entitled "discretionary function" privilege and prosecutorial immunity.

<u>Fourth Defense</u>

Plaintiff's claims may be barred by the statute of limitations and/or D.C. Official Code § 12-309.

<u>Fifth Defense</u>

Plaintiff cannot establish that any District custom, policy or practice was the moving force behind her alleged constitutional injuries.

<u>Sixth Defense</u>

The District of Columbia may not be held liable for any alleged constitutional misconduct of its employees.

<u>Seventh Defense</u>

Plaintiff's arrest was justified and in accordance with the law.

Eighth Defense

Plaintiff's local and common law claims may be barred by contributory negligence and/or assumption of the risk.

Ninth Defense

Plaintiff's claims may be barred by her own intentional misconduct.

Tenth Defense

If Plaintiff was injured as alleged, her injuries may have been the result of some third party not associated with these Defendants, or the District's agents acting within the scope of employment.

**SET-OFF**

Defendant District claims a set-off against any judgment for any and all public benefits, including Medicaid, Plaintiff may have received from the District of Columbia.

**JURY DEMAND**

These defendants demand a trial by the maximum number of jurors permitted by law of all issues so triable.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Patricia Jones
PATRICIA A. JONES [428132]

21

        Chief, General Litigation, Section IV

        __/s/ Leah Taylor_____
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General
        441 Fourth St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-7854; (202) 727-6295