## THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD RAY HINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:07-00807 |
| v, | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al.,* | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT NOWLIN'S ANSWER TO THE COMPLAINT

Defendant Shawnee Nowlin, by and through counsel, herein answers Plaintiff's Complaint, and state as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The following answers correspond to the numbered paragraphs in the complaint:

1. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 1 of the Complaint.

2. Defendant admits that defendant Slaughter is an officer with the D.C. Metropolitan Police Department. Defendant lacks knowledge of information sufficient to either admit or deny the remainder of the allegations set forth in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. The defendant admits the allegations in paragraph 4 of the Complaint.

5. The defendant repeats and incorporates her responses to paragraphs 1-4 in her Answer to plaintiff's Complaint.

6. The defendant recognizes the statutory authorities set forth in Plaintiff's Complaint, but denies that they necessarily give this Court jurisdiction over this matter or the parties.

7. The defendant repeats and incorporates her responses to paragraphs 1-6 in her Answer to plaintiff's Complaint

8. The defendant admits that the plaintiff worked at Greater Southeast Community Hospital. The defendant is unaware of his title, and therefore can neither admit nor deny the remaining allegations in paragraph 8.

9-13. The defendant admits the allegations in paragraphs 9-13.

14. The defendant denies the allegations in paragraph 14.

15. The defendant admits the allegations in paragraph 15.

16. The defendant denies the allegations in paragraph 16.

17. The allegations in paragraph 17 are the conclusions of the pleader to which no response is required. To the extent a response is required, the defendant denies the allegations.

18-20. The defendant lacks knowledge or information to either admit or deny the allegations in paragraphs 18 through 20 of the Complaint. To the extent a response is required, the defendant denies the allegations.

21. The defendant admits the allegations in paragraph 21.

22. The defendant admits to the allegation in paragraph 22 of the Complaint.

23. The defendant admits the allegations that plaintiff was handcuffed and denies the remainder of the allegations as worded as it is misleading.

24-25. The defendant admits the allegations in paragraph 24.

26-27. The defendant is without knowledge or information to admit or deny the allegations of paragraph 26-27 of the Complaint.

## COUNT I
### False Arrest (Defendant Nowlin)

28. The defendant repeats and incorporates her responses to paragraphs 1-27 as if fully set forth herein.

29. The allegations denies the allegations in paragraph 29.

30. The defendant admits the allegations that plaintiff was arrested and handcuffed and incarcerated. The defendant denies the remaining allegations as they are misleading.

31-33. The allegations in paragraph 32-33 are the legal conclusions of the pleader to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

## COUNT II
### False Arrest (Defendant Slaughter)

34. The defendant repeats and incorporates her responses to paragraphs 1-33 in her Answer as if fully set forth herein. The allegations in paragraphs 35 – 39 are not directed toward this defendant and may contain the legal conclusion of the pleader to which no response is required.

## COUNT III
### False Arrest (District of Columbia).

40. The defendant repeats and incorporates her responses to in paragraphs 1-39 in her Answer as if fully set forth herein. The allegations in paragraphs 41 through 43 do not relate to this defendant, and therefore does not require a response from this defendant. To the extent a response is deemed required, the allegations are denied.

## COUNT IV
### False Imprisonment (Defendant Nowlin).

44. The defendant repeats and incorporates her responses to in paragraphs 1-43 in her Answer as if fully set forth herein.

45.     Defendant admits to the allegations in paragraph 45.

46.     Defendant Nowlin admits that plaintiff was detained, handcuffed and caused to be incarcerated. This defendant denies the remaining allegations as worded as it is misleading.

47-51.  The allegations in paragraphs 47 through 51 are legal conclusions of the pleader to which no response is required.

## COUNT V
### False Imprisonment (Defendant Slaughter)

52.     The defendant repeats and incorporates her responses to paragraphs 1-51 of her Answer as if fully set forth herein. The allegations in paragraphs 52 through 59 do not relate to defendant Nowlin and therefore do not require a response from this defendant.

## COUNT VI
### False Imprisonment (District of Columbia)

60.     The Defendant repeats and incorporates her responses to paragraphs 1-59 in her Answer as if fully set forth herein. The allegations in paragraphs 60 through 63 do not relate to defendant Nowlin and therefore do not require a response from this defendant. To the extent a response is deemed required, the allegations are denied.

## COUNT VII
### Assault and Battery (Defendant Nowlin)

64.     The defendant repeats and incorporates her responses to paragraphs 1 through 63 in her Answer as if fully set forth herein.

65.     This defendant admits that plaintiff was detained, handcuffed and caused to be incarcerated. This defendant denies the remaining allegations as worded as it is misleading.

66-69.  Further answering, the remaining allegations are the conclusions of the pleader to which no response is required.

## COUNT VIII
### Assault and Battery (Defendant Slaughter)

70-75.   The defendant repeats and incorporates her responses to paragraphs 1 through 69 in her Answer as if fully set forth herein.  The allegations in paragraphs 70 through 75 do not relate to defendant Nowlin and therefore do not require a response from this defendant.

## COUNT IX
### Assault & Battery (District of Columbia)

76.   The defendant repeats and incorporates her responses to paragraphs 1 through 75 in her Answer as if fully set forth herein.  The allegations in paragraphs 77-79 do not relate to defendant Nowlin, and therefore do not require a response from this defendant. To the extent a response is deemed to be required, the allegations are denied.

## COUNT X
### Malicious Prosecution (Defendant Nowlin)

80.   The defendant repeats and incorporates her responses to paragraphs 1 through 79 in her Answer as if fully set forth herein.

81.   Defendant Nowlin admits that plaintiff was charged with Assault on a Police Officer, but denied that the acts referenced were unlawful.

82.   Defendant Nowlin denies the allegations in paragraph 82.

83.   This defendant lacks sufficient information to either admit or deny the allegations in paragraph 83 of the Complaint.

84.   The defendant denies the allegations in paragraph 84.

## COUNT XI
### Malicious Prosecution (Defendant Slaughter)

85.   The defendant repeats and incorporates her responses to paragraphs 1 through 84 in her Answer as if fully set forth herein.

86-88. The allegations in paragraphs 86 through 89 do not relate to defendant Nowlin and therefore do not require a response.

## COUNT XII
Malicious Prosecution (Defendant District of Columbia)

90.     The defendant repeats and incorporates her responses to paragraphs 1 through 84 in her Answer as if fully set forth herein.

91.     The allegations in paragraph 91 do not relate to defendant Nowlin, and therefore do not require a response from this defendant.

92 -93.  This defendant denies the allegations in paragraph 92 and 93 of the Complaint.

## COUNT XIII
Intentional Infliction of Emotional Distress (Defendant Nowlin)

94.     The defendant repeats and incorporates her responses to paragraphs 1 through 93 in her Answer as if fully set forth herein.

95-99.  This defendant denies the allegations in paragraphs 95-98 of the Complain

## COUNT XIV
Intentional Infliction of Emotional Distress (Defendant Slaughter)

100.    The defendant repeats and incorporates her responses to paragraphs 1 through 99 in her Answer as if fully set forth herein.  The allegations in paragraphs 101 through 105 do not relate to defendant Nowlin, and therefore do not require a response from this defendant.

## COUNT XV
Intentional Infliction of Emotional Distress (Defendant District of Columbia)

106.    The defendant repeats and incorporates her responses to paragraphs 1 through 105 in her Answer as if fully set forth herein.  The allegations in paragraphs 107 through 110 do not relate to defendant Nowlin, and therefore do not require a response from this defendant. To the extent a response is deemed required, the allegations are denied.

## COUNT XVI
### Negligent Infliction of Emotional Distress (Defendant Nowlin)

111.    The defendant repeats and incorporates her responses to paragraphs 1 through 110 in her Answer as if fully set forth herein.

112.-116. Defendant Nowlin denies the allegations in paragraphs 112 through 116 of the Complaint.

## COUNT XVII
### Negligent Infliction of Emotional Distress (Defendant Slaughter)

117.    The defendant repeats and incorporates her responses to paragraphs 1 through 116 in her Answer as if fully set forth herein.  The allegations in paragraphs 118 through 122 do not relate to defendant Nowlin, and therefore do not require a response from this defendant.

## COUNT XVIII
### Negligent Infliction of Emotional Distress (Defendant District of Columbia)

123.    The defendant repeats and incorporates her responses to paragraphs 1 through 122 in her Answer as if fully set forth herein.  The allegations in paragraphs 124 through 127 are not directed to defendant Nowlin, and therefore do not require a response from this defendant. To the extent a response is deemed required, the allegations are denied.

## COUNT XIX
### Negligent Training and Supervision  (Defendant District of Columbia)

128.    The defendant repeats and incorporates her responses to paragraphs 1 through 127 in her Answer as if fully set forth herein.  The allegations in paragraphs 129 through 132 are not directed to defendant Nowlin, and therefore do not require a response from this defendant. To the extent a response is deemed required, the allegations are denied.

## COUNT XX
### 42 U.S.C. § 1983 (Defendant District of Columbia)

133.    The defendant repeats and incorporates her responses to paragraphs 1 through 132 in her Answer as if fully set forth herein.  The allegations in paragraphs 134 through 138 do not relate to defendant Nowlin, and therefore do not require a response from this defendant. To the extent a response is required, the allegations are denied.

## COUNT XXI
### 42 U.S.C. § 1983 (Defendant Slaughter)

139.  The defendant repeats and incorporates her responses to paragraphs 1 through 138 in her Answer as if fully set forth herein.  The allegations in paragraphs 140 through 143 do not relate to defendant Nowlin, and therefore do not require a response from this defendant.  To the extent a response is required, the allegations are denied.

## COUNT XXII
### 42 U.S.C. § 1983 (Defendant Nowlin)

144.  The defendant repeats and incorporates her responses to paragraphs 1 through 143 in her Answer as if fully set forth herein.

145.  The defendant admits the allegations in paragraph 145.

146.  The defendant denies the allegations in paragraphs 145 through 148.


In further response to the Complaint, the defendant denies all allegations of wrongful conduct not expressly denied or otherwise responded to.

### Third Defense

Defendant Nowlin may be entitled to qualified immunity for her complained-of conduct and the defendant may be entitled "discretionary function" privilege and prosecutorial immunity.

### Fourth Defense

Plaintiff's claims may be barred by the statute of limitations and/or D.C. Official Code § 12-309.

### Fifth Defense

Plaintiff cannot establish that any District custom, policy or practice was the moving force behind his alleged constitutional injuries.

### Sixth Defense

Plaintiff's arrest was justified and in accordance with the law.

### Seventh Defense

Plaintiff's local and common law claims may be barred by contributory negligence and/or assumption of the risk.

### Eighth Defense

Plaintiff's claims may be barred by his own intentional misconduct.

### Ninth Defense

If Plaintiff was injured as alleged, his injuries may have been the result of some third party not associated with the defendant, or the District's agents acting within the scope of employment.

### **JURY DEMAND**

The defendant demands a trial by the maximum number of jurors permitted by law of all issues so triable.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>
>/s/ Patricia Jones\_\_\_\_
>PATRICIA A. JONES [428132]
>Chief, General Litigation, Section IV
>
>\_\_/s/ Sally L. Swann_____
>         SALLY L. SWANN[1]
>Assistant Attorney General
>441 Fourth St., N.W., 6th Floor South
>Washington, D.C.  20001
>(202) 724-7854; (202) 727-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.