## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON )
      Plaintiff )
   )
      v. )      Case No.: 1:07-cv-00807
   )
THE DISTRICT OF COLUMBIA, et al. )
   )
      Defendants )
_____ )

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

      COMES NOW Plaintiff, Donald Ray Hinton, by and through undersigned counsel and hereby submits Plaintiff's Motion to Compel Discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure and for the reasons therefore states:

      1.    On or about September 24, 2007, Plaintiff propounded  Interrogatories and Requests for Production of Documents to Defendant Shawnee Nowlin.

      2.    On or about October 29, 2007, Plaintiff received Defendant Nowlin's Responses to Interrogatories and Responses to Request for Production of Documents. However, no documents were produced.

      3.    Defendant Nowlin failed to provide full and complete responses to the following interrogatories:

      Plaintiff's Interrogatory No. 4:

      State the names, addresses and telephone numbers of each and every person who has personal knowledge of any relevant facts and events, information, or evidence, relating to the criminal case against Donald R. Hinton and the Complaint herein, and for each such person, provide a brief description of his or her knowledge.

      Defendant's Answer:

      Objection as overly broad and burdensome, and as to relevance, and as speculative.  Notwithstanding the objections and further answering, the following individuals may have personal knowledge about the facts alleged in Plaintiff's Complain:  Officer Marcia Slaughter, Metropolitan Police Department, 6th District, 2701 Pennsylvania Avenue., SE, Washington, DC (202)727-9099; Sergeant Jonathan Gere, Metropolitan Police Department,

2nd District, 3320 Idaho Ave., NW, Washington, DC 20016, (202)715-7300; Detective Thomas, Metropolitan Police Department, 7th District, 2455 Alabama Ave., SE, Washington, DC 20020, (202)698-1500; and Sergeant Darrell Best, Metropolitan Police Department Police Academy, 4665 Blue Plains Drive, SW, Washington, DC 20032, (202)645-0073. Further answering, see Answer 10. Officer Slaughter was present at the time of the incident and Sergeants Gere, and Best and Detective Thomas responded to the scene after the plaintiff resisted arrest.

Plaintiff objects on the ground that Defendant failed to provide all of the requested information. Defendant failed to provide a description of each person's knowledge of the events. Plaintiff is entitled to know who has knowledge of the facts of this case and the basis of their knowledge and that is information Defendant clearly has or can easily be obtained.

Plaintiff's Interrogatory No. 8:

Describe all formal training and retraining, including the dates thereof, you have received while a member of the Metropolitan Police Department relating to law enforcement, including, but not limited to, the use of force and weapons.

Defendant's Answer:

I received my initial training upon joining the police force 8 years ago, including, but not limited to training on the General Orders, Laws of Arrest, DC Code, Stop and Frisk, First Aid and CPR, Photo and Lidar Radar, Drug testing, and other related trainings. Since then, I have received weapons training twice a year every year, and annual in service training sessions.

Again, all of the requested information has not been provided. Defendant failed to provide relevant dates of training that she personally attended. This is clearly information that is within Defendant's knowledge. To the extent that Defendant does not recall the specific dates, she has a duty to obtain the information and provide it in discovery.

Plaintiff's Interrogatory No. 18:

Please identify the standard operating procedures, police regulations, general orders and any other documents pertaining to the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured. This interrogatory includes both the current guidelines as well as those in effect at the time of

2

the incident.

Defendant's Answer:

Objections as to relevance. Notwithstanding the objection and further answering, I don't recall what specific General Order regulates the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured.

All of the requested information has not been provided. Defendant failed to identify the standard operating procedures that she is to follow while guarding prisoners at a health care or other facility. Defendant should be required to provide the information requested. She has all of the relevant information available to her as to the procedures to be taken while guarding a prisoner at a hospital. Her memory of convenience is no justification for her refusing to gather the information and answer this interrogatory in an informative manner.

4.      Plaintiff recently received Defendant Nowlin's Responses to Requests for Production of Documents. However, of the 43 separate requests, 34 of the Defendant's responses indicates "this defendant does not have any documents responsive to this request." Defendant has a duty to gather documents that are in her care, custody and control to provide in discovery.

5.      Further, the minimal documents that Plaintiff did receive in response were non-responsive, as Defendant redacted portions of the documents that leave them unidentifiable as to who the documents relate to and other material information contained in the documents. *See* Exhibit 1.

6.      Not only has Defendant Nowlin failed to provide documents claiming that she does not have any, Defendant failed and refused to at the minimum, indicate whether documents are in existence.

7.      That on October 30, 2007, the deposition of Defendant Nowlin was held after being rescheduled on at least three separate occasions. The Notice of Deposition

3

provided for the productions of documents as follow:

> "Notice is hereby given that Defendant Shawnee Nowlin is required to produce at the deposition for examination the following documentary or tangible evidence:
>
> 1. All documents relied upon in answer to and/or identified in your Answers to Interrogatories.
> 2. All documents requested in Plaintiff's Request for Production of Documents.
> 3. Any and all photographs, or other documents that purport to reflect the scene of the subject occurrence, or that were taken at the actual scene at the time of the occurrence.
> 4. Any and all diagrams or pictures that were prepared to reflect the subject occurrence."

Defendant Nowlin failed and refused to produce any documents at the deposition even though it was rescheduled on two prior occasions at her request. No objection has ever been filed to the documents requested. The deposition was continued which will increase the expenses of this litigation because of the wilful conduct of Defendant Nowlin in refusing to comply with the Notice of Deposition request to produce documents.

8. On or about September 24, 2007, Plaintiff propounded Interrogatories and Requests for Production of Documents to Defendant Marcia Slaughter.

9. To date, Defendant Slaughter has completely failed and refused to answer the Interrogatories.

10. Plaintiff recently received Defendant Slaughter's late Responses to Requests for Production of Documents. However, of the 43 separate requests, 29 of Defendant's responses indicates "this defendant does not have any documents responsive to this request" or referred Plaintiff to a similar response. Again, Defendant has a duty to gather documents that are in her care, custody and control to provide or which she can easily obtain.

11. As with the documents Nowlin provided, the documents received from Slaughter were non-responsive, as Defendant redacted portions of the documents that leave them unidentifiable as to who the documents relate to and other material information contained in the documents. *See* Exhibit 2.

4

12.    Again, not only has Defendant Slaughter failed to provide documents, Defendant failed and refused to indicate whether documents are in existence.

13.    Defendant Slaughter's deposition has been scheduled on three separate occasions and cancelled at the last minute.  She has wilfully and intentionally refused to attend a deposition without justification.

14.    On or about September 24, 2007, Plaintiff mailed Interrogatories and Requests for Production of Documents to Defendant the District of Columbia.

15.    Defendant District of Columbia failed to provide full and complete responses to the following interrogatories:

Plaintiff's Interrogatory No. 4:

State each and every person, including their address and telephone number, who has personal knowledge of the facts and events relating to the subject matter of the Complaint, and for each such person, provide a brief description of his or her knowledge.

Defendant's Answer:

Objection as overly broad and burdensome, as to relevance, and as speculative.  Notwithstanding the objections and further answering, the following individuals may have personal knowledge about the facts alleged in plaintiff's complaint:  Officers Shawnee Nowlin and Marcia Slaughter, Metropolitan Police Department, 6th District, 2701 Pennsylvania Avenue, SE, Washington, Dc (202)727-9099; Sergeant Jonathan Geer, Metropolitan Police Department, 2nd District, 3320 Idaho Ave., NW, Washington, DC 20016, (202)715-7300; Detective Thomas, Metropolitan Police Department, 7th District, 2455 Alabama Ave., SE, Washington, DC 2002, (202)698-1500; and Sergeant Darrell Best, Metropolitan Police Department Police Academy, 4665 Blue Plains Drive, SW, Washington, DC 20032, (202)645-0073.  Upon information and belief, Judith O'Connell and Alva Alsobrooks may have information as well.  Further answering, see Answer 10. Officers Nowlin and Slaughter were present at the time of the incident and Sergeants Geer and Best, and Detective Thomas responded to the scene after the plaintiff resisted arrest.

Plaintiff objects on the ground that not all requested information has been provided.  Defendant failed to provide a brief description of each person's knowledge of the events and the basis of their knowledge.

16.    Plaintiff received Defendant Metropolitan Police Department's

Responses to Requests for Production of Documents.  However, the following responses are non-responsive:

> Plaintiff's Request No. 14:
>
> All documents which you referred to in preparing your answers to Interrogatories .
>
> Defendant's Response:
>
> Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.

This response is clearly evasive.  Defendant is required to describe the nature of the documents that are in existence but not produced because of any privilege. Defendant has a duty to provide discovery that is in its care, custody and control.

> Defendant's Request No. 24:
>
> All documents which support any position you intend to take in this case, which you expect to introduce into evidence on your behalf.
>
> Defendant's Response:
>
> Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.

This response is clearly a boiler-plate response and is evasive.  Defendant is required to describe the nature of the documents that are in existence but not produced because of any privilege.

> Plaintiff's Request No. 25:
>
> All letters, memoranda, notes, or any other correspondence between you and Defendant Officers from the date of the incident to the date of production.
>
> Defendant's Response:
>
> See Response 24.

Once again, this response is evasive.  Defendant is required to describe the nature of the documents that are in existence but not produced because of any privilege.

<u>Plaintiff's Request No. 26</u>:

All letters, memoranda, notes or any other correspondence between you and any other person relating to the incident which is the subject of the Complaint in this case to the date of production.

<u>Defendant's Response</u>:

See Response 24.

This response is clearly evasive. Defendant is required to describe the nature

of the documents that are in existence but not produced because of any privilege.

<u>Plaintiff's Request No. 27</u>:

Any documents you intend to introduce and use as exhibits at any hearing held on this matter.

<u>Defendant's Response</u>:

Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.

This response is clearly evasive and highly prejudicial to Plaintiff. Defendant is

required to describe the nature of the documents that are in existence but not

produced because of any privilege. Plaintiff cannot prepare for trial without the

documents requested.

<u>Plaintiff's Request No. 28</u>:

Any records showing all personnel of MPD or any other governmental agency present on the date of the incident at the location of the incident, including but not limited to the name of the employee, position title, address and telephone number.

<u>Defendant's Response</u>:

See answers to interrogatories.

The response contains a vague reference to answers to interrogatories

allegedly containing the requested information. No records of any kind were produced

in response to this Request. It is quite clear that such document(s) exists since

Defendants list all names in response to an interrogatory.

17.    Defendants have failed to provide Plaintiff with any meaningful documents necessary for the preparation for trial.  Plaintiff has received incomplete, evasive, and non-responsive answers to interrogatories from all Defendants.

18.    Defendants have clearly failed to produce documents that Plaintiff is entitled to receive under the discovery process of which defendants have a duty to obtain so long as such documents are within their care, custody and control.

19.    Plaintiff has been severely prejudiced by defendants' wilful failure to provide meaningful discovery which is clearly within their control. Plaintiff has already noted the deposition of Defendant Nowlin on October 30, 2007 and was forced to proceed without the assistance of any prior discovery.

20.    That Fed. R. Civ. P. 33(b)(3) requires answers and objections to Interrogatories within 30 days of service of the Interrogatories, absent direction from the court or by written agreement of the parties. Defendants has not filed any objections within 30 days of service as mandated by Fed. R. Civ. P. 33(b)(3). Therefore, Defendants have waived any objections.

21.    That Fed. R. Civ. P. 34(b) requires a written response  to Request for Production of Documents within 30 days of service of the Request, absent direction from the court or by written agreement of the parties. That Defendants have failed to provide a written response  to Request for Production of Documents within 30 days of service as mandated by Fed. R. Civ. P. 34(b).

22.    That Plaintiff has permitted defendants reasonable extensions of time to respond to Plaintiff's discovery and, notwithstanding, defendants have failed and refused to respond to Plaintiff's reasonable discovery requests.

23.    That Plaintiff has in good faith corresponded with defendants and has made every reasonable effort to obtain discovery from all defendants, to no avail.

24.    That there is absolutely no justification for the conduct of defendants in

failing to respond to Plaintiff's discovery and subsequent correspondence without adequate excuse pursuant to Fed. R. Civ. P. 37(a)(2)(B).

25.    The conduct of the defendants is wilful and intentional with a complete disregard for the rules of this court. The conduct and procrastination of the defendants is clearly to delay this case and deprive the Plaintiff of discovery to which he is entitled to which is clearly in the exclusive possession and control of the defendants. This court should not condone such conduct.

WHEREFORE, Plaintiff respectfully requests:

1.    That the Motion to Compel Discovery be granted pursuant to Fed. R. Civ. P. 37(a).

2.    That Defendants be required to fully answer Plaintiff's Interrogatories and to produce all documents requested in Plaintiff's Request for Production of Documents.

3.    That Defendants be required to pay attorney's fees and expenses associated with their failure to respond to discovery pursuant to Fed. R. Civ. P. 37(a)(4)(A).

4.    That Defendants be required to pay for the rescheduled deposition of Defendant Nowlin because of her refusal to produce documents at her deposition.

5.    That Defendant Slaughter be required to attend a deposition at least 20 days prior to the end of discovery.

6.    And for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LOUIS FIREISON & ASSOCIATES, P.A.**

BY: _____/s/_____
      Louis Fireison, Fed. I.D.# 103424
      4550 Montgomery Avenue
      Suite 910N
      Bethesda, Maryland  20814-3344
      (301) 652-7500

9

Attorney for Plaintiff

## **POINTS AND AUTHORITY**

Fed. Rules of Civil Procedure 26
Fed. Rules of Civil Procedure 33
Fed. Rules of Civil Procedure 34
Fed. Rules of Civil Procedure 37

DC Standard Form 52
Office of Personnel
District of Columbia Personnel
Manual

**REQUEST FOR PERSONNEL ACTION**

**DEPARTMENT:**
**Metropolitan Police Department**

**PART I. REQUESTING OFFICE: Unless otherwise instructed, fill in all items in this part, except those inside the heavy lines. If applicable, obtain resignations and separation data on page 2 of this form.Metropolitan Police Department**

| 1. SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle) | Mr-Mrs-Miss-Ms | 3. EFFECTIVE DATE | 4. BIRTH DATE |
|---|---|---|---|---|
| | | | 11-04-01 | 09-09-75 |

| A. Kind of Action Requested: | | B. Request No. | C. Date of Request |
|---|---|---|---|
| (1) Personnel (Specify appointment, reassignment, resignation, etc.) | | 2115-2002 | |
| (2) Position (Specify establish, review, abolish, etc.) | | D. Proposed Eff. Date | E. Position Sensitivity |

| 5. VETERAN PREFERENCE | | 6. DC SCD | 7. TOTAL SCD | 8. HANDICAP CODE | 9. RETIREMENT | |
|---|---|---|---|---|---|---|
| 1--None    2--5 PT    3--10 PT | 1 | 04-24-00 | 04-24-00 | 04 | (1-14) 042: | 17 |

| 10. FEGLI | Basic | Option A | Option B | Option C | 11. Bargaining Unit | 12. TENURE GROUP (1, 2, or 3) and (AD, A or B) |
|---|---|---|---|---|---|---|
| | | | | | KAA | |

| 13. NATURE OF ACTION/CODE | 14. AUTHORITY | 15. HB Code: |
|---|---|---|
| 894-A PAY ADJUSTMENT    NTE DATE: ___ | | Carrier Control No.: ___ |

| 16. FROM: Position Title and Number | Service Code | 17. Pay Schedule and Series | 18. (a) Grade | (b) Step | 19. Salary | Time Service 80 |
|---|---|---|---|---|---|---|
| OFFICER CLASS 00 | D11 | PS-000 | 00 | 02 | PA | Flag (1-8) |

| 20. Name and Location of Organizational Unit/Organizational Code | | Additional Comp. | |
|---|---|---|---|
| R.O.C., EAST - 6TH DISTRICT | | | |
| | 21. Payroll Org. Code 13 027 000 | | Pay Group 02 |

| 22. TO: Position Title and Number | Service Code | 23. Pay Schedule and Series | 24. (a) Grade | (b) Step | 25. Salary | Time Service 80 |
|---|---|---|---|---|---|---|
| OFFICER CLASS 01 0038157 | D01 | PS-0000 | 01 | 03 | PA | Flag (1-8) |

| 26. Name and Location of Organizational Unit/Organizational Code | | Additional Comp. |
|---|---|---|
| R.O.C., EAST - 6TH DISTRICT | | |
| | 27. Payroll Org. Code 13 027 000 | |

| 28. Labor Distribution Rule | FUND | AGENCY | YR | RESP. CENTER | PDS | PSF | MRU | ARC | DRC | JOB | ACTIVITY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 100 | FA | 3 | 7700 | 1 | 1 | 00 | APPR | 0000 | 00000 | 0000 |

| 29. Labor Distribution Rule Is Certified Correct | | 30. TARGET GRADE | 31. Pay Group | 32. Physical Location Code |
|---|---|---|---|---|
| _Signature_  10/10/02 | | | 02 | DC |
| Agency Controller or Designee    Date | | | | |

| F. Remarks by Requesting Office (Continue in Item F on page 2 of this form, if necessary) | 33. Employment Date |
|---|---|
| | 04-24-00 |

| G. Requested By: (Signature and Title) (Leave blank on resignations) | I. Request Approved By: (*) Department Head |
|---|---|
| | _(signature)_ |

| H. For Additional Information Call: (Name and Telephone Number) | |
|---|---|
| Bert I. Ennis, Human Services, Personnel  727-4261 | |

**PART II. TO BE COMPLETED BY PERSONNEL OFFICE (Items inside heavy lines in Part I also to be completed.)**

J. Position Classification Action:

| | ☐ Identical Additional | ☐ New | ☐ Vice | ☐ Regraded |
|---|---|---|---|---|

| K. Clearances | Initials or Signature | | (8) Remarks: (Note: Use Item 8 on page 2 of this form for Personnel Form-1 Remarks) |
|---|---|---|---|
| (1) Ceil or Pos. Control | | | |
| (2) Budget Clearance | _R. Dural_ | 9/20/02 | |
| (3) Pers. Ofc. Control | | | (9) Qualification Standards: ___ |
| (4) Classification | | | |
| (5) Staffing | DDSGreen    09-17-2002 | | |
| (6) Employee Relations | | | (10) Classification Determination: ___ |
| (7) Appoved by: | _signature_    9-16-02 | | |

* NOTE: Additional approval concurrence blocks on page 2 of this form.

Page: 1 Document Name: untitled

PYSG *** U P P S  ON-LINE RESEARCH SYSTEM  *** PPNO 19 PPBD  08/25/02  PAGE  06
                            03/KAA  D01 D01 01/07 RF1  ██████████FLSA 0
            ███████ PS1 CFT PS 00000
02 13-056-000  FA 7800              AEF/FLSS UPPS POS# 0041411
* * * * * * *         D A T E S        # 1 * * * * * * * *

217 LAST ACTION DATE       09/07/02 219 DC SERVICE COMP DATE    06/03/90
220 TOTAL LEAVE COMP DATE    11/19/89 221 DATE OF BIRTH    ██████████
222 TOTAL SERVICE COMP DATE  11/19/89 223 DC APPOINTMENT DATE   06/03/90
228 LAST EQUIVALENT INCREASE  10/21/01 230 LWOP HOURS SINCE LEI    21.00
202 DTE LAST ACCUR FOR 1150   09/07/02 209 W4-DATE PROCESSING     06/24/98
920 END OF WAITING PER DATE   10/16/04

CLEAR=MENU  PA1/PF7=PG BCK  PA2/PF8=PG FWD  PF1=PG 1   PF2=LST PG   PF12=PYTG

Date: 09/16/2002 Time: 04:58:13 PM

DC Standard Form 52
Office of Personnel
District of Columbia Personnel
Manual

**REQUEST FOR PERSONNEL ACTION**

DEPARTMENT:

**Metropolitan Police Department**

**PART I. REQUESTING OFFICE:** Unless otherwise instructed, fill in all items in this part, except those inside the heavy lines. If applicable, obtain resignations and separation data on page 2 of this form. Metropolitan Police Department

| 1. SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle) | Mr-Mrs-Miss-Ms | 3. EFFECTIVE DATE | 4. BIRTH DATE |
|---|---|---|---|---|
| ▮▮▮▮▮ | ▮▮▮▮▮ | MS | 11/14/01 | ▮▮▮▮ |

A. Kind of Action Requested:
(1) Personnel (Specify appointment, reassignment, resignation, etc.)

(2) Position (Specify establish, review, abolish, etc.)

B. Request No.

C. Date of Request

D. Proposed Eff. Date

E. Position Sensitivity

| 5. VETERAN PREFERENCE | | 6. DC SCD | 7. TOTAL SCD | 8. HANDICAP CODE | 9. RETIREMENT | |
|---|---|---|---|---|---|---|
| 1 None  2 -5 PT  3 -10 PT | 1 | 4/24/00 | 4/24/00 | 04 | (1-14)  042: | 17 |

| 10. FEGLI | Basic | Option A | Option B | Option C | 11. Bargaining Unit | 12. TENURE GROUP |
|---|---|---|---|---|---|---|
| | | | | | KAA | (1, 2, or 3) and (AD, A or B) |

| 13. NATURE OF ACTION/CODE | 14. AUTHORITY | 15. HB Code: |
|---|---|---|
| 894-A PAY ADJUSTMENT  NTE DATE: ___ | | Carrier Control No.: ___ |

| 16. FROM: Position Title and Number | Service Code | 17. Pay Schedule and Series | 18. (a) Grade | (b) Step | 19. Salary | Time Service 80 |
|---|---|---|---|---|---|---|
| OFFICER CLASS 00 | D11 | PS-00000 | 00 | 02 | ▮▮▮ PA | Flag (1-8) |

| 20. Name and Location of Organizational Unit/Organizational Code | Additional Comp. | |
|---|---|---|
| R.O.C., EAST - 6TH DISTRICT | 21. Payroll Org. Code  13-027-000 | Pay Group  02 |

| 22. TO: Position Title and Number | Service Code | 23. Pay Schedule and Series | 24. (a) Grade | (b) Step | 25. Salary | Time Service 80 |
|---|---|---|---|---|---|---|
| OFFICER CLASS 01  0038157 | D11 | PS-00000 | 01 | 02 03 | ▮▮▮ PA | Flag (1-8) |

| 26. Name and Location of Organizational Unit/Organizational Code | Additional Comp. | |
|---|---|---|
| R.O.C. , EAST - 6TH DISTRICT | 27. Payroll Org. Code  13-027-000 | |

| 28. Labor Distribution Rule | FUND | AGENCY | YR | RESP. CENTER | PDS | PSF | MRU | ARC | DRC | JOB | ACTIVITY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 100 | FA | 3 | 7700 | 1 | 1 | 00 | APPR | 0000 | 1300 00000 | 0000 |

29. Labor Distribution Rule is Certified Correct

_signature_  1/13/03

Agency Controller or Designee    Date

30. TARGET GRADE

31. Pay Group

32. Physical Location Code  DC

F. Remarks by Requesting Office (Continue in Item F on page 2 of this form, if necessary)

33. Employment Date

G. Requested By: (Signature and Title) (Leave blank on resignations)

I. Request Approved By: (X)
Department Head

_signature_

H. For Additional Information Call:  (Name and Telephone Number)
Bert I. Ennis, Director, Human Services - Personnel  727-4261

**PART II. TO BE COMPLETED BY PERSONNEL OFFICE** (Items inside heavy lines in Part I also to be completed.)

J. Position Classification Action:

☐ Identical Additional    ☐ New    ☐ Vice    ☐ Regraded

| K. Clearances | Initials or Signature |
|---|---|
| (1) Cell. or Pos. Control | |
| (2) Budget Clearance | |
| (3) Pers. Ofc. Control | _signature_ 1/10/03 |
| (4) Classification | |
| (5) Staffing | DDS GREEN 01-10-03 |
| (6) Employee Relations | |
| (7) Approved by: | _signature_ 1/10/03 |

(8) Remarks: (Note: Use Item 8 on page 2 of this form for Personnel Form-1 Remarks)

(9) Qualification Standards: ___

(10) Classification Determination: ___

* NOTE: Additional approval concurrence blocks on page 2 of this form.

| REQUEST FOR OFFICIAL PERSONNEL FOLDER | 1. DATE OF REQUEST |
|---|---|
| (SEPARATED EMPLOYEE) | 10/9/2007 |

## SECTION I - TO BE COMPLETED BY REQUESTING PERSONNEL OFFICE

| 2. CURRENT NAME - (LAST, first, middle) | 2A. NAME UNDER WHICH FORMERLY EMPLOYED FEDERALLY (if different than item 2) |
|---|---|
| ████████████ | ████████████ |

**NATIONAL ARCHIVES AND RECORDS ADMINISTRATION**

**NATIONAL PERSONNEL RECORDS CENTER**

**(Civilian Personnel Records)**
**111 Winnebago Street**
**ST. LOUIS, MO  63118**

3. DATE OF BIRTH ████████

4. SOCIAL SECURITY NUMBER ████████

SUBMIT IN DUPLICATE FOR EACH
FOLDER REQUESTED

Original will be used to send folder or reply to your agency.

Second copy retained by agency for its suspense files.

Third copy is for records center use.

### 5. PREVIOUS FEDERAL EMPLOYMENT

| AGENCY AND BUREAU | LOCATION | FROM | TO |
|---|---|---|---|
| DEPARTMENT OF VETERANS AFFAIRS | WASHINGTON, D.C. | 8/1/1989 | 12/1/1994 |
| WASHINGTON NATIONAL ARCHIVES | WASHINGTON, D.C. | 5/1/1988 | 6/1/1989 |
| ENVIRONMENTAL PROTECTION AGENCY | WASHINGTON, D.C. | 1/1/1988 | 5/1/1988 |
| U.S. POST OFFICE | WASHINGTON, D.C. | 12/10/1994 | 7/12/1992 |

| [x] a. Currently employed. | [x] b. Temporary use. | [ ] c. Pre-employment consideration. Will retain folder if hired. |
|---|---|---|

REMARKS    **PLEASE FORWARD OFFICIAL PERSONNEL FOLDER**

### SECTION II - FOR USE BY RECORDS CENTER

[ ] a. Folder enclosed

[ ] b. Our search did not reveal a record of claimed civilian Federal employment. Please submit any additional information or documentation that will help verify this employment.

[ ] c. Folder not received. Suggest you contact last employing office.

[ ] d. Folder not located. For a former employee of your agency, we suggest a further search of your agency. If still unlocated, verify name, date of birth, and social security number, and return request to NPRC together with the date folder was transmitted NPRC and several names, dates of birth, and social security numbers of other folders in same shipment.

[ ] e. Folder was sent (Date) _____

To: _____

_____

[ ] Your agency

[ ] f. Other.

_____

| DATE | INITIALS |
|---|---|

### SECTION III - TO BE COMPLETED BY REQUESTING PERSONNEL OFFICE

| NAME OF REQUESTOR | KIM JONES | TELEPHONE NO. | 202-727-0511 |
|---|---|---|---|

Metropolitan Police Department
Human Services
300 Indiana Avenue N.W., Room 6061
Washington, I    20001

ATTN: KIM JONES

Enter complete address to which folder or reply is to be mailed, include ZIP code.

STANDARD FORM 127 (Rev. 7-86)
Prescribed by NARA, 36 CFR 1228.154(3)

5

C Standard Form 52
ffice of Personnel
istrict of Columbia Personnel Manual
ev. 9/21/03

Rt    EST FOR PERSONNEL ACTION

'ARTMENT.
.. .ropolitan Police Department

**ART I.    REQUESTING OFFICE: Unless otherwise instructed, fill in all items in this part, except those inside the heavy lines. If applicable, obtain resignation and separation data on reverse side.**

| . SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle)    Mr.-Mrs.-Miss-Ms. | 3. EFFECTIVE DATE | | | 4. BIRTH DATE |
|---|---|---|---|---|---|
| | | 01 | 25 | 04 | |

| . Kind of Action Requested: | B. Request No. |  C. Date of Request |
|---|---|---|
| ) Personnel (Specify appointment, reassignment, resignation, etc.) | 2006 | |
| ?) Position (Specify establish, review, abolish, etc.) | D. Proposed Eff./Date | E. Workforce Plan No. |

| . VETERAN PREFERENCE --None  2--5 PT  3 --10 PT | | 6. DC  SCD | 7. TOTAL SCD | 8. Handicap Code: | 9.Retirement (1 – 15) | |
|---|---|---|---|---|---|---|
| | 1 | | | 04 | | 17 |

| 0. FEGLI | Basic | Option A | Option B | Option C | 11A. Pay Schedule ID | 11B. Bargaining Unit: KAA | 12. Tenure Group (1, 2, 3) and (AD, A or B) |
|---|---|---|---|---|---|---|---|
| | | 0 | | | | | |

| 3. NATURE OF ACTION/CODE: 94-A PAY  ADJUSTMENT | 14. AUTHORITY: | 15. HB Code: Carrier Control No: |
|---|---|---|
| NTE DATE: | | |

| 6. FROM: Position Title and Number | Service Code | 17. Pay Plan and Series | 18. (a) Grade | (b) Step | 19. Salary | Time Service: 80 |
|---|---|---|---|---|---|---|
| )FFICER | D11 | PS-0000 | 00 | 02 | | Flag (1-8) |

| 0. Name and Location of Organizational Unit 'RAINING DIVISION | Additional Comp. $ | |
|---|---|---|
| | 21. Payroll Org Code 13 046 500 | Pay Group 02 |

| 2. TO: Position Title and Number | Service Code | 23. Pay Plan and Series | 24. (a) Grade | (b) Step | 25. Salary | Time Service: 80 |
|---|---|---|---|---|---|---|
| )FFICER :LASS 01       0041052 | D11 | PS-0000 | 01 | 02 | | Flag (1-8) |

| 6. Name and Location of Organizational Unit 'RAINING DIVISION | Additional Comp. $ | |
|---|---|---|
| LT  ?D&T   CLASS  03-01 | 27. Payroll Org Code 13 046 500 | Pay Group 02 |

8. Labor Distribution Rule

| AGCY | YR | INDEX | PCA | PROJ | PP | GRANT | GP |
|---|---|---|---|---|---|---|---|
| A | 0 0 4 | | | | | | |

| 8a. Employment Type . Full-Time  4. Part-Time Temp . Part-Time  5. Intermittent . Full-Time Temp | 29. Labor Distribution Rule is Certified Correct

Agency Controller or Designee      Date | 30. Target Grade | 31. Physical Location Code WASH., D.C. |
|---|---|---|---|
| | 1 | | |

| . Remarks by Requesting Office (Continue in Item F on Reverse Side, if necessary) | 32. Employment Date |
|---|---|
| | |

| 5. Requested By:  (Signature and Title) (Leave blank on resignations) | I.  Request Approved By:  (*) |
|---|---|
| . For Additional Information Call:  (Name and Telephone Number)  Assistant Chief Shannon Cockett  727-4261 | Department Head _____ (Signature) |

**PART II.  TO BE COMPLETED BY PERSONNEL OFFICE (Items inside heavy lines in Part I also to be completed.)**

. Position Classification Action:

| ☐ Identical Additional | ☐ New | ☐ Vice | ☐ Regraded |
|---|---|---|---|

| . Clearances | Initials or Signature | | (8) Remarks: (Note: Use Item 8 on Reverse side for Personnel Form-1 Remarks) |
|---|---|---|---|
| (1) Ceiling or Position Control | | | |
| (2) Budget Clearance | | | |
| (3) Pers. Ofc. Control | | | (9) Qualification Standards: |
| (4) Classification | | | |
| (5) Staffing | | | |
| (6) Employee Relations | | 12/12/07 | (10) Classification |

S

PYSG *** U P P S  ON-LINE RESEARCH SYSTEM  *** PPNO 25 PPBD  11/16/03  PAGE 06
                            03/KAA  D11 D11 00/02 RF1 ███████  FLSA 0
          ██████  PS1 CFT PS 00000
02 13-046-500  FA 8400              AEF/RH6N UPPS POS# 0041052
* * * * * * *        D A T E S        # 1  * * * * * * *

217 LAST ACTION DATE        11/29/03 218 DC RET. BENEFITS COMP DA  07/15/02
219 DC SERVICE COMP DATE    07/15/02 220 TOTAL LEAVE COMP DATE    07/15/02
221 DATE OF BIRTH           ██████ 222 TOTAL SERVICE COMP DATE  07/15/02
223 DC APPOINTMENT DATE     07/15/02 228 LAST EQUIVALENT INCREASE 07/27/03
202 DTE LAST ACCUR FOR 1150  11/29/03 209 W4-DATE PROCESSING      07/15/02
920 END OF WAITING PER DATE  07/24/04 PPB PAY PERIOD BEGIN DATE   11/16/03
PPE PAY PERIOD END DATE     11/29/03 PDT ACTUAL PAY DATE          12/12/03

F1=PG 1 F2=LST PG F3=PYE9 F7=PG BKW F8=PG FWD F12=PYTG
F8=PG FWD F12=PYTG

Date: 12/09/2003 Time: 03:45:50 PM

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DONALD RAY HINTON                )
                                 )
    Plaintiff        )
                                 )
     v.        )    Case Number: 1:07-CV-00807
                                 )    Judge Robertson
DISTRICT OF COLUMBIA, *et. al.,*.    )
                                 )
    Defendants.        )

## DEFENDANT SHAWNEE NOWLIN RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, defendant Shawnee Nowlin, gives the following answers to interrogatories propounded to defendant by plaintiff:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Defendant reserves the right to amend, revise, or supplement its answers to these interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimony, the defendant incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

(e) Defendant may provide documents, which will answer plaintiff's interrogatory in accordance with SCR-Civil 33(d).

**General Objections**

Defendant objects to the production of any documents or information, which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.  Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to her after reasonable inquiry.

**INTERROGATORIES**

1.     State your full name, address, phone number, date of birth, Social Security number, marital status, educational background, occupational background, your current and all previous ranks at the Metropolitan Police Department, including your badge or identification number. State the names of all persons providing information and assistance in answering these Interrogatories and their capacity and relationship with you and Defendant District of Columbia.

**Answer: Objection as to relevance and constitutes as unwarranted invasion of personal privacy with respect to the disclosure of this defendant's date of birth, social security number, marital status, home address and/or home phone number.  Further objection, as the requested information compromises this defendant's personal safety as a member of the D.C. Metropolitan Police Department.  Notwithstanding the objections and further answering, Officer Shawnee Monique Nowlin, Badge Number 2461, Metropolitan Police Department, 6th District, 2701 Pennsylvania Ave., SE, Washington, DC  202-727-9099.**

2

Further answering, I am a high school graduate and have received 32 credit hours from the Metropolitan Police Institute.  I have been a police officer with the MPD for the last 8 years and prior to that, I worked as a security officer in DC Public Schools under contract with MVM.

2.    Describe all facts supporting any denial in your Answer to any paragraph in Plaintiffs Complaint including the location, present custodian, and a description of any document upon which you rely in answering this Interrogatory.

Answer:  Objection, seeks legal conclusion.  Further objection as premature. Notwithstanding the objections, see Answer 10 below.  This defendant does not have any documents responsive to this request.  Any requested documents may be in the possession of the District of Columbia.

3.    Describe the facts supporting your affirmative defenses in your Answer to the Complaint, including the location, present custodian, and a description of any document upon which you rely in answering this Interrogatory.

Answer:  See Answers 2 and 10.

4.    State the names, addresses and telephone numbers of each and every person who has personal knowledge of any relevant facts and events, information, or evidence, relating to the criminal case against Donald R. Hinton and the Complaint herein, and for each such person, provide a brief description of his or her knowledge.

Answer:  Objection as overly broad and burdensome, and as to relevance, and as speculative.  Notwithstanding the objections and further answering, the following individuals may have personal knowledge about the facts alleged in plaintiff's complaint: Officer Marcia Slaughter, Metropolitan Police Department, 6th District, 2701 Pennsylvania

3

Ave., SE, Washington, DC  (202) 727-9099; Sergeant Jonathan Gere, Metropolitan Police

Department, 2nd District, 3320 Idaho Ave., NW, Washington, DC  20016, (202) 715-7300;

Detective Thomas, Metropolitan Police Department, 7th District, 2455 Alabama Ave., SE,

Washington, DC 20020, (202) 698-1500; and Sergeant Darrell Best, Metropolitan Police

Department Police Academy, 4665 Blue Plains Drive, SW, Washington, DC 20032, (202)

645-0073.  Further answering, see Answer 10.  Officer Slaughter was present at the time of

the incident and Sergeants Gere, and Best and Detective Thomas responded to the scene

after the plaintiff resisted arrest.

5.      State the name, address and telephone number of any expert whom you propose to call as

a witness in this proceeding, and state the following information with respect to such expert: (a)

the subject matter on which the expert is expected to testify; (b) the substance of the findings and

the opinions to which the expert is expected to testify; (c) a summary of the grounds for each

opinion. Attach to your Answers a copy of any written report made by such expert concerning

his or her findings and opinions.

Answer: Objection as premature.  This defendant has not determined whether to use an

expert witness in this case and/or what expert(s) it will use.  Plaintiff will be notified if and

when this defendant retains in expert in this case in accordance with this Court's rules.

6.      State whether you were ever employed as a police officer or in a law enforcement

position prior to your appointment as a police officer of the Metropolitan Police Department. If

your answer is in the affirmative, please list:

        a.  the name and address of each person, firm, corporation, municipality, or state or

            federal agency that so employed you;

        b.  the dates that you were so employed;

4

    c.  the duties you performed while you were so employed, and;

    d.  the reason or reasons for the termination of your previous employment as a police

officer.

**Answer: No.**

7.     Prior to joining the Department, describe all formal training relating to law enforcement, including the dates thereof.

**Answer: Objection as to relevance. Notwithstanding the objection, see Answer 6. Further answering, none.**

8.     Describe all formal training and retraining, including the dates thereof, you have received while a member of the Metropolitan Police Department relating to law enforcement, including, but not limited to, the use of force and weapons.

**Answer: I received my initial training upon joining the police force 8 years ago, including, but not limited to training on the General Orders, Laws of Arrest, DC Code, Stop and Frisk, First Aid and CPR, Photo and Lidar Radar, Drug testing, and other related trainings. Since then, I have received weapons training twice a year every year, and annual in service training sessions.**

9.     For the entire period of your employment with the Metropolitan Police Department, describe in detail all investigations, disciplinary proceedings or reviews in which your conduct as a police officer was a subject of consideration, including the Incident which is the subject matter of this action.

**Answer: Objection as overly broad and as to relevance. Notwithstanding the objections and further answering, none to this defendant's knowledge.**

10.    Describe specifically and in detail how the Incident took place, including all events

5

leading up to the incident, the exact sequence of events that occurred subsequent to your initial

encounter or contact with the Plaintiff and all events occurring after the Incident up to the time

that Plaintiff was transported to the police station.

**Answer: On the morning of May 6, 2006, Officer Slaughter and I reported to Greater**

**Southeast Hospital to relieve the midnight officers from guard detail. When we arrived,**

**there was a table and four chairs sitting in the hall outside the prisoners' room. We sat at**

**the table and about 30 minutes into our shift, Mr. Hinton came down the hall in an irate**

**manner. He was yelling and boisterous, telling us to put the furniture back in the room,**

**screaming that it was a fire hazard to have the furniture in the hall. We just sat there**

**puzzled and non responsive. Mr. Hinton then began throwing the empty chairs back in the**

**room and yelling "Didn't you hear what I said, put the furniture back in the room and get**

**in the room." Both Officer Slaughter and I told Mr. Hinton that we would not talk to him**

**because he was irate and we were not his children. He was then instructed to go get his**

**supervisor. While gone, Officer Slaughter and I put the furniture back in the room.**

**Officer Slaughter was standing in the doorway of the prisoners' room and I was standing**

**in the doorway of the room across from her when Mr. Hinton returned with his supervisor.**

**His supervisor motioned for me to move and told us to go into the prisoners' room. We**

**both stated that we were not going to sit, shut up in a room with the prisoner, with urine on**

**the floor, no air circulation and a foul odor. All the while, Mr. Hinton was yelling over his**

**supervisor and pointing his finger in my face. Mr. Hinton was told several times to stop**

**yelling, stop putting his hands in my face and to go down the hall and calm down. He**

**continued and I told his supervisor to get him. She told him to go down the hall and he**

**refused, then came around her and began yelling and pointing his finger in my face again.**

6

At this time, Officer Slaughter said to him "You're locked up." As she approached him to cuff him, he started to walk away. He was ordered to stop and Officer Slaughter attempted to grab him. Officer Slaughter then again tried to cuff him, while I called for back up, because he was resisting arrest. At this time, the patients at the other end at the hall, the other nurses and the security guards were in the hall watching the commotion, and Mr. Hinton was arrested. The officials who responded to the scene then took Mr. Hinton, who starting complaining of chest pains, and placed him in an empty room to await transport. Once the transporting officers arrived, Mr. Hinton again complained of chest pains and being claustrophobic and he refused to get into the wagon. The transporting officers then escorted Mr. Hinton to the emergency room after which he was admitted and was hospitalized.

11.    State whether you have undergone any psychological testing or analysis, either as part of your duties with the Metropolitan Police Department or otherwise, and state the circumstances of the analysis or testing, the name and current address of the doctor or psychologist involved, the period of time in which this took place, and the diagnosis reached.

**Answer: Objection as the request constitutes as unwarranted invasion of personal privacy, and is not relevant, nor will it lead to relevant evidence. See Fed. R. Civ. P. 33.**

12.    If you have ever been put on administrative leave during the course of your employment with the Metropolitan Police Department, state the date(s) and circumstances thereof.

**Answer: Objection, as irrelevant. Notwithstanding the objection, and further answering, no.**

13.    State whether, at any time during the fifteen (15) year period preceding the date of your answers to these Interrogatories, you have been convicted of any crime other than a minor traffic

7

offense. If so, for each conviction, identify the court in which you were convicted and state the amount of any fine and the date and length of any incarceration imposed. For purpose of this Interrogatory, conviction includes a plea of nolle contendere followed by a sentence, whether or not the sentence was suspended.

**Answer: Objection as overly broad, and as to relevance. Notwithstanding the objections and further answering, no.**

14.    Identify all persons or entities, including their name, address and telephone number to whom you have discussed or given a recorded, written or oral statements concerning the Incident, the specific substance of any such statements or discussions, the circumstances under which such statements were given, and if any such statement was written, recorded or otherwise transcribed, identify the present custodian of the documents.

**Answer: Objection as overly broad and burdensome. Notwithstanding the objections and without waiver thereto, I don't recall giving or writing any statements other than the PD251, dated May 06, 2006.**

15.    Please describe each and every statement made by Donald R. Hinton prior to, during and subsequent to the incident.

**Answer: Objection as overly broad and burdensome, and as equally available to plaintiff. Notwithstanding the objections and further answering, see Answer 10.**

16.    If you have ever given a written or oral account of the incident, state the date such account was given, and identify the person to whom it was given.

**Answer: See Answer 14.**

17.    If you contend that Donald R. Hinton acted in such a manner as to cause or contribute to his own injuries in this matter, please state the facts upon which you rely.

8

**Answer: Objection as the requests seeks a legal conclusion. Notwithstanding the objection and further answering, yes. See Answer 10.**

18.    Please identify the standard operating procedures, police regulations, general orders and any other documents pertaining to the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured. This interrogatory includes both the current guidelines as well as those in effect at the time of the incident.

**Answer: Objection as to relevance. Notwithstanding the objection and further answering, I don't recall what specific General Order regulates the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured.**

19.    State whether you have ever been a defendant in any suit which charged you, individually or in your official capacity as a police officer, with abuse of your lawful authority. If your answer is in the affirmative, please list for each such suit:

    a.    the name and address of each plaintiff;

    b.    the name and address of each defendant,

    c.    the nature of the cause of action,

    d.    the date on which the suit was instituted,

    e.    the court in which the suit was instituted,

    f.    the venue of each suit,

    g.    the name and address of the attorney for each party, and

    h.    the result of each suit which was concluded by judgment or settlement.

9

**Answer:  Upon information and belief, no.**

20.     State whether you have ever been the subject of any internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers, including but not limited to the detention and arrest of Donald R. Hinton. If your answer is in the affirmative, list:

      a.     the substance of the charges made against you in such procedures;

      b.     the names and addresses of all persons who preferred such charges; and

      c.     the date and outcome of such procedure, including the date and nature of

      subsequent disciplinary action against you, if any was taken.

**Answer:  Objection as overly broad and burdensome, and seeks speculation.**

**Notwithstanding the objections and further answering, upon information and belief, no.**

21.     Did you, immediately prior to, during, or immediately subsequent to the arrest and detention of Donald R. Hinton on or about  May 6, 2006, participate in any conversation or communication relating to his arrest and detention with any persons that were subsequently involved in his arrest and detention? If your answer is in the affirmative, state the nature of the communication or conversation and the name, address and telephone number of the persons who you had the conversation or communication.

**Answer:  Objection as vague and ambiguous, and as to relevance.  Notwithstanding the objections and further answering, see Answer 4.**

22.     State whether you accompanied the plaintiff to the police station on or about May 6, 2006, what transpired thereafter, the approximate time when you last saw the Plaintiff, and the approximate time that you left the station.

**Answer:  I did not transport the Plaintiff to the police station.**

10

23.     State whether you and/or the other persons involved in the arrest and detention of Donald

R. Hinton on or about May 6, 2006 were acting in your official capacities as police officers of

the Metropolitan Police. If your answer is in the negative, state precisely the capacities in which

you and the other persons involved in the arrest and detention of Donald R. Hinton on or about

May 6, 2006 were acting.

**Answer:  Objection as this request seeks a legal conclusion.  Notwithstanding the objection**

**and further answering, yes.**

24.     State whether any report was made of the details of the incident, arrest and detention of

the Donald R. Hinton on or about May 6, 2006. If your answer is in the affirmative, give:

> a.  the name, badge or identification number, and present address of the person who
>
> prepared each such report;
>
> b.  the name, badge or identification number, and present address of the person or
>
> persons for whom each such report was prepared;
>
> c.  the date, time, and place where each such report was prepared; and
>
> d.  the name, badge or identification number, and present address of the present
>
> custodian of each such report.
>
> e.  please attach a copy of each such written report to your answers to there
>
> interrogatories.

**Answer:  Yes.  Officer Slaughter, prepared the PD 163 Arrest/Prosecution Report, dated**

**May 06, 2006 and the PD 252 Supplement Report, dated May 06, 2006.  I prepared the PD**

**251 Incident-Based Event Report, dated May 06, 2006.  All reports were given to Sgt. Gere,**

**who was the commanding sergeant.  All documents are in the possession of MPD.**

11

25.    State whether you, your attorneys, or any person employed by you or your attorneys have possession of or know of existence of any books, records, reports made in the ordinary course of business, printed or documentary material, photographs, video tapes, drawings or documents, or other tangible objects that describe, record, or are otherwise relevant to the arrest and detention of Donald R. Hinton on or about May 6, 2006. If your answer is in the affirmative, give:

   a.    the name or description of each such item;

   b.    the name and address of each person who made or prepared each such item;

   c.    the name and address of the present custodian of each such item;

   d.    the date, time, and place where each such item was made or prepared;

   e.    the method by and purpose for which each such item was made or prepared; and

   f.    the manner in which each such item describes, records or is otherwise relevant to the arrest and detention of the plaintiff on May 6, 2006.

**Answer:  Objection as violative of the attorney-client, attorney work product and/or deliberative process privileges.  Notwithstanding the objections, this defendant does not have information that is responsive to this request.**

I have read the foregoing answers to interrogatories, and they are true to the best of my knowledge, information and belief.

_____
Shawnee Nowlin

SWORN AND SUBSCRIBED before me, a Notary Public, this 26th day of October, 2007.

_____
Notary Public, DC

My Commission Expires: _____

JULIA JOHNSON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 31, 2010

12

As to objections:                  Respectfully submitted:

                                   LINDA SINGER
                                   Attorney General for the District of Columbia

                                   GEORGE C. VALENTINE
                                   Deputy Attorney General
                                   Civil Litigation Division

                                   PATRICIA A. JONES [428132]
                                   Chief, General Litigation, Section IV

                                   _____
                                   Zuberi Williams[1]
                                   Assistant Attorney General
                                   441 4th Street, N.W., 6th Floor North
                                   Washington, DC 20001
                                   (202) 724-6650; (202) 727-6295
                                   (202) 727-3625 (fax)
                                   E-mail: Zuberi.williams@dc.gov


                       **CERTIFICATE OF SERVICE**

       I hereby certify that true copies of the foregoing responses to plaintiff's interrogatories
were mailed first-class this  26th  day of October, 2007, to:

Louis Fireison, Esq.
4550 Montgomery Ave.
Suite 910N
Bethesda, MD  20814

                                   _____
                                   Zuberi Williams
                                   Assistant Attorney General

_____
[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

13

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON                )
                                 )
            Plaintiff            )
                                 )
        v.                       )        Case Number: 1:07-CV-00807
                                 )        Judge Robertson
DISTRICT OF COLUMBIA, *et. al.,*. )
                                 )
            Defendants.          )

## DEFENDANT SHAWNEE NOWLIN RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Super. Ct. R. Civ. P. 34, defendant Shawnee Nowlin responds to plaintiff's Request for Production of Documents as follows:

### General Objections

Defendant objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to product information not in the defendant's control or not currently known to it after reasonable inquiry.

1

## REQUESTS

1. Any and all police reports made by you, and/or D. C. Police Officers concerning the assault and battery and arrest of Mr. Hinton as alleged in the complaint filed in this case, and any other written investigation, incident report, complaint, internal inquiry, or other written reports concerning or related to the incident outlined in the Complaint filed in this case.

**Response: This defendant does not have any documents responsive to this request.**

2. The curriculum vitae of you and any witnesses whom you intend to call as experts at any hearing or trial of this matter.

**Response: Objection as premature. The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use. Plaintiff will be notified regarding the District's intended expert witnesses in accordance with Court's rules.**

3. Any and all reports generated by any witness whom you plan to call as an expert at any hearing or the trial of this matter.

**Response: See response to Request No. 2.**

4. Any and all documents reviewed by you and/or any witnesses whom you plan to call as an expert in preparation of their opinions or in the formulation of their opinions in this matter.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.**

2

**Further objecting, this request is premature.   The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use.**

5.  Any and all documents reflecting, relating or evidencing your contentions as to how the Occurrence took place.

**Response:  This defendant does not have any documents responsive to this request.**

6.  Any and all documents reflecting, relating or evidencing written, recorded or transcribed statements given or made by any and all parties hereto, or witnesses, in connection with the Occurrence.

**Response:  This defendant does not have any documents responsive to this request.**

7.  Any and all documents reflecting, relating or evidencing all reports made by you in the ordinary course of business with respect to the Occurrence described in the Complaint. This includes, but is not limited to, any and all statements and/or interviews of witnesses, police officers and medical personnel, incident reports, notes, memoranda, chronology statements, draft reports and final reports, and any results of investigations by the Department or any prosecuting authority.

**Response:  This defendant does not have any documents responsive to this request.**

8.  All correspondence and/or documents concerning or in any way pertaining to any complaints, whether formal or informal against you in the last ten years.

3

**Response: This defendant does not have any documents responsive to this request.**

9. All written or recorded statements as a result of the incident which is the subject of the complaint.

**Response: This defendant does not have any documents responsive to this request.**

10. All of your notes relating to the period you were assigned to the duties prior to and subsequent to the incident, and/or any notes of any interview conducted, whether formal or informal, that is related to this incident.

**Response: This defendant does not have any documents responsive to this request.**

11. All written or recorded statements given by any witness to all or part of the incident.

**Response: This defendant does not have any documents responsive to this request.**

12. Any and all written material or physical evidence of any kind which you intend to offer in evidence at the trial of this case.

**Response: Objection as premature. Further objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine. Notwithstanding these objections and furthering answering, documents will be provided according to the rules of the court.**

4

**Response:  This defendant does not have any documents responsive to this request.**

19. All documents, including but not limited to, memos, reports, notes, photographs, drawings, etc. that pertain to the incident involving Plaintiff and any, related Department action.

**Response:  This defendant does not have any documents responsive to this request.**

20. All documents and/or reports regarding any disciplinary action taken by the Metropolitan Police Department against you relating to the incident in which you were the subject of the Complaint in this case.

**Response:  This defendant does not have any documents responsive to this request.**

21. Any documents you intend to introduce and use as exhibits at the trial of this matter.

**Response: Objection as premature.  Further objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Notwithstanding these objections and furthering answering, documents will be provided according to the rules of the court.**

22. Copies of each and every document which supports, refers or relates to any contention by you that Plaintiff in any way contributed to the incident which is the subject of the Complaint in this case.

6

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine. Notwithstanding the objection and further answering, this defendant does not have any documents responsive to this request.**

23. Copies of your complete personnel file, including but not limited to, employment applications, evaluations, and any other document which concern their hiring, training, duties, performances, assignments and mental and physical condition, reprimands, complaints, certificates, commendations, use of force reports, and disciplinary actions for the period you were employed with the Metropolitan Police Department.

**Response: Objection, seeks confidential personnel information protected under DC Code §1-631.01, §1-632.03, §5-113.01, §5-113.06 and 3102.01 of the District Personnel Manual, and as it constitutes as unwarranted invasion of personal privacy. Notwithstanding objection, information will be provided confidentially in accordance with a protective order issued by the Court. Notwithstanding the objection, and further answering, this defendant does not have any documents responsive to this request.**

24. All documents which support any position you intend to take in this case, which you expect to introduce into evidence on your behalf.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.**

25. All letters, memoranda, notes, or any other correspondence between you and

7

Defendant Officers and the District of Columbia from the date of the incident to the date of production.

**Response:  This defendant does not have any documents responsive to this request.**

26. All letters, memoranda, notes, or any other correspondence between you and any other person relating to incident which is the subject of the Complaint in this case to the date of production.

**Response:  This defendant does not have any documents responsive to this request.**

27. Any records showing all personnel of MPD or any other governmental agency present on the date of the incident at the location of the incident, including but not limited to the name of the employee, position title, address and telephone number.

28. All documents mentioned in your answers to Interrogatories.

**Response:  This defendant does not have any documents responsive to this request.**

29. Copies of all rules, regulations, handbooks, manuals, training materials memoranda, orders or any writings relating to prisoners in medical facilities, interacting with health care personnel at medical facilities where prisoners are being treated, requirements of police officers for watching prisoners in health care facilities, arrest and detention of individuals who may be or who may be charged with a criminal offense.

8

**Response:  This defendant does not have any documents responsive to this request.**

30. All photographs taken of the plaintiff.

**Response:  This defendant does not have any documents responsive to this request.**

31. Copies of all complaints regarding allegations of police brutality or excessive force against you.

**Response:  This defendant does not have any documents responsive to this request.**

32. All documents which comprise any investigation into any allegation of excessive force, abusive behavior, misconduct or dishonesty in the past ten years against you.

**Response:  This defendant does not have any documents responsive to this request.**

33. All documents which comprise the results of any investigation into any allegation of excessive force, abusive behavior, misconduct or dishonesty in the past ten years against you.

**Response:  This defendant does not have any documents responsive to this request.**

34. Any records that document any training received by you relating to law enforcement.

9

**Response: This defendant does not have any documents responsive to this request.**

35. The course instruction booklets, manuals, syllabi, and any other instructional materials or handouts used in the training or instruction received by you with respect to the proper procedure for guarding prisoners at health care facilities.

**Response: This defendant does not have any documents responsive to this request.**

36. The curriculum vitae of any witnesses whom you intend to call as experts at any hearing or trial of this matter.

**Response: Objection as premature. The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use. Plaintiff will be notified regarding the District's intended expert witnesses in accordance with Court's rules.**

37. Copies of any and all written, recorded or transcribed statements made by you with respect to this Complaint.

**Response: This defendant does not have any documents responsive to this request.**

38. Any and all documents reflecting, relating or evidencing written, recorded or transcribed statements given or made by any and all parties hereto, or witnesses, in connection with the Occurrence.

**Response: This defendant does not have any documents responsive to this request.**

39. Any and all documents reflecting, relating or evidencing all reports made by you in the ordinary course of business with respect to the Occurrence described in the Complaint. This includes, but is not limited to, any and all statements and/or interviews of witnesses, police officers and medical personnel; incident reports, notes, memoranda, chronology statements, draft reports and final reports, and any results of investigations by the Department or any prosecuting authority.

**Response:  This defendant does not have any documents responsive to this request.**

40. Any and all documents reflecting, relating or evidencing any and all complaints, including but not limited to civil actions, against you relating to any assaults, civil rights violations or similar complaints.

**Response:  This defendant does not have any documents responsive to this request.**

41. Any and all documents not mentioned above concerning, or prepared as a result of Occurrence.

**Response:  This defendant does not have any documents responsive to this request.**

42. Any and all videotape recordings and/or security surveillance film that reflect the actual scene of the occurrence at time the incident and/or the activities of any of the parties referred to herein.

**Response:  This defendant does not have any documents responsive to this request.**

11

43. Copies of any and all policies of insurance, contracts, indemnification

agreements, Mary Carter agreements or other documents that provide coverage

for you for any judgment against you in this case.

**Response:  Objection as to relevance, and is unlikely to lead to admissible**

**evidence.  Notwithstanding the objections and further answering, I do not have**

**any documents responsive to this request.**

Respectfully submitted:

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

Zuberi Williams[1]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6650; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  Zuberi.williams@dc.gov

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR
83.2.

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing responses to plaintiff's interrogatories were mailed first-class this _29_ day of October, 2007, to:

Louis Fireison
4550 Montgomery Ave.
Suite 910N
Bethesda, MD  20814

Zuberi Williams
Assistant Attorney General

13

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON                )
                                 )
      Plaintiff            )
                                 )
      v.                   )    Case Number:  1:07-CV-00807
                                 )    Judge Robertson
DISTRICT OF COLUMBIA, *et. al.,.*  )
                                 )
      Defendants.          )

## DEFENDANT MARCIA SLAUGHTER'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Donald Hinton
       c/o Louis Fireison, Esq.
       4550 Montgomery Ave.
       Suite 910N
       Bethesda, MD  20814

### GENERAL OBJECTIONS

Defendant Slaughter objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.  In addition, the District objects to any part of plaintiffs' instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

1

## REQUESTS

1. Any and all police reports made by you, and/or D. C. Police Officers concerning the assault and battery and arrest of Mr. Hinton as alleged in the complaint filed in this case, and any other written investigation, incident report, complaint, internal inquiry, or other written reports concerning or related to the incident outlined in the Complaint filed in this case.

**Response:  This defendant does not have any documents responsive to this request.**

2. The curriculum vitae of you and any witnesses whom you intend to call as experts at any hearing or trial of this matter.

**Response:  Objection as premature.  The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use.  Plaintiff will be notified regarding the District's intended expert witnesses in accordance with Court's rules.**

3. Any and all reports generated by any witness whom you plan to call as an expert at any hearing or the trial of this matter.

**Response:  See response to Request No. 2.**

4. Any and all documents reviewed by you and/or any witnesses whom you plan to call as an expert in preparation of their opinions or in the formulation of their opinions in this matter.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.**

2

**Further objecting, this request is premature.   The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use.**

5.   Any and all documents reflecting, relating or evidencing your contentions as to how the Occurrence took place.

**Response:  This defendant does not have any documents responsive to this request.**

6.   Any and all documents reflecting, relating or evidencing written, recorded or transcribed statements given or made by any and all parties hereto, or witnesses, in connection with the Occurrence.

**Response:  This defendant does not have any documents responsive to this request.**

7.   Any and all documents reflecting, relating or evidencing all reports made by you in the ordinary course of business with respect to the Occurrence described in the Complaint. This includes, but is not limited to, any and all statements and/or interviews of witnesses, police officers and medical personnel, incident reports, notes, memoranda, chronology statements, draft reports and final reports, and any results of investigations by the Department or any prosecuting authority.

**Response:  This defendant does not have any documents responsive to this request.**

8.   All correspondence and/or documents concerning or in any way pertaining to any complaints, whether formal or informal against you in the last ten years.

3

**Response:  This defendant does not have any documents responsive to this request.**

9.  All written or recorded statements as a result of the incident which is the subject of the complaint.

**Response:  This defendant does not have any documents responsive to this request.**

10. All of your notes relating to the period you were assigned to the duties prior to and subsequent to the incident, and/or any notes of any interview conducted, whether formal or informal, that is related to this incident.

**Response:  Upon information and belief, this defendant does not have any documents responsive to this request.**

11. All written or recorded statements given by any witness to all or part of the incident.

**Response:  This defendant does not have any documents responsive to this request.**

12. Any and all written material or physical evidence of any kind which you intend to offer in evidence at the trial of this case.

**Response: Objection as premature.  Further objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Notwithstanding these objections and furthering answering, documents will be provided according to the rules of the court.**

13. Any and all documents regarding any investigation or inquiry into the cause or circumstances of the Incident.

**Response: This defendant does not have any documents responsive to this request.**

14. All documents which you referred to in preparing your answers to Interrogatories.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.**

15. All written or recorded statements of Plaintiff, Defendant officers or other witnesses to the incident.

**Response: This defendant does not have any documents responsive to this request.**

16. All documents relating to any investigation of the incident or the disciplinary action resulting from the incident.

**Response: This defendant does not have any documents responsive to this request.**

17. All documents received in response to any subpoena issued by you or on your behalf in this case.

**Response: This defendant does not have any documents responsive to this request.**

18. Any and all documents or photographs received during the course of the investigation of this matter from any party.

5

**Response:  This defendant does not have any documents responsive to this request.**

19. All documents, including but not limited to, memos, reports, notes, photographs, drawings, etc. that pertain to the incident involving Plaintiff and any, related Department action.

**Response:  This defendant does not have any documents responsive to this request.**

20. All documents and/or reports regarding any disciplinary action taken by the Metropolitan Police Department against you relating to the incident in which you were the subject of the Complaint in this case.

**Response:  Objection as to relevance, vagueness, overly broad and privilege. Notwithstanding the objection, to this defendant's knowledge, there are none.**

21. Any documents you intend to introduce and use as exhibits at the trial of this matter.

**Response: Objection as premature.  Further objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Notwithstanding these objections and furthering answering, documents will be provided according to the rules of the court.**

22. Copies of each and every document which supports, refers or relates to any contention by you that Plaintiff in any way contributed to the incident which is the subject of the Complaint in this case.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine. Notwithstanding the objection and further answering, this defendant does not have any documents responsive to this request.**

23. Copies of your complete personnel file, including but not limited to, employment applications, evaluations, and any other document which concern their hiring, training, duties, performances, assignments and mental and physical condition, reprimands, complaints, certificates, commendations, use of force reports, and disciplinary actions for the period you were employed with the Metropolitan Police Department.

**Response: Objection, seeks confidential personnel information protected under DC Code §1-631.01, §1-632.03, §5-113.01, §5-113.06 and 3102.01 of the District Personnel Manual, and as it constitutes as unwarranted invasion of personal privacy. Notwithstanding objection, information will be provided confidentially in accordance with a protective order issued by the Court. Notwithstanding the objection, and further answering, this defendant does not have any documents responsive to this request.**

24. All documents which support any position you intend to take in this case, which you expect to introduce into evidence on your behalf.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.**

25. All letters, memoranda, notes, or any other correspondence between you and

7

Defendant Officers and the District of Columbia from the date of the incident to
the date of production.

**Response:  See Response 24.**

26. All letters, memoranda, notes, or any other correspondence between you and any
other person relating to incident which is the subject of the Complaint in this case
to the date of production.

**Response:  See Response 24.**

27. Any records showing all personnel of MPD or any other governmental agency
present on the date of the incident at the location of the incident, including but not
limited to the name of the employee, position title, address and telephone number.

**Response:  This defendant does not have any documents responsive to this
request.**

28. All documents mentioned in your answers to Interrogatories.

**Response:  This defendant does not have any documents responsive to this
request.**

29. Copies of all rules, regulations, handbooks, manuals, training materials
memoranda, orders or any writings relating to prisoners in medical facilities,
interacting with health care personnel at medical facilities where prisoners are
being treated, requirements of police officers for watching prisoners in health care
facilities, arrest and detention of individuals who may be or who may be charged
with a criminal offense.

8

**Response: This defendant does not have any documents responsive to this request.**

30. All photographs taken of the plaintiff.

**Response: This defendant does not have any documents responsive to this request.**

31. Copies of all complaints regarding allegations of police brutality or excessive force against you.

**Response: Objection as to relevance, vagueness, overly broad and privilege. Notwithstanding the objection, to this defendant's knowledge, there are none.**

32. All documents which comprise any investigation into any allegation of excessive force, abusive behavior, misconduct or dishonesty in the past ten years against you.

**Response: Objection as to relevance, vagueness, overly broad and privilege. Notwithstanding the objection, to this defendant's knowledge, there are none.**

33. All documents which comprise the results of any investigation into any allegation of excessive force, abusive behavior, misconduct or dishonesty in the past ten years against you.

**Response: Objection as to relevance, vagueness, overly broad and privilege. Notwithstanding the objection, to this defendant's knowledge, there are none.**

34. Any records that document any training received by you relating to law enforcement.

9

**Response: Objection as vague, irrelevant and overly broad. Notwithstanding the objection, this defendant is unaware of any such documents. Discovery is ongoing and this defendant will supplement should such information become available.**

35. The course instruction booklets, manuals, syllabi, and any other instructional materials or handouts used in the training or instruction received by you with respect to the proper procedure for guarding prisoners at health care facilities.

**Response: Objection as vague, irrelevant and overly broad. Notwithstanding the objection, this defendant is unaware of any such documents. Discovery is ongoing and this defendant will supplement should such information become available.**

36. The curriculum vitae of any witnesses whom you intend to call as experts at any hearing or trial of this matter.

**Response: Objection as premature. The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use. Plaintiff will be notified regarding the District's intended expert witnesses in accordance with Court's rules.**

37. Copies of any and all written, recorded or transcribed statements made by you with respect to this Complaint.

**Response: This defendant does not have any documents responsive to this request.**

38. Any and all documents reflecting, relating or evidencing written, recorded or transcribed statements given or made by any and all parties hereto, or witnesses, in connection with the Occurrence.

10

**Response:  This defendant does not have any documents responsive to this request.**

39. Any and all documents reflecting, relating or evidencing all reports made by you in the ordinary course of business with respect to the Occurrence described in the Complaint. This includes, but is not limited to, any and all statements and/or interviews of witnesses, police officers and medical personnel; incident reports, notes, memoranda, chronology statements, draft reports and final reports, and any results of investigations by the Department or any prosecuting authority.

**Response:  This defendant does not have any documents responsive to this request.**

40. Any and all documents reflecting, relating or evidencing any and all complaints, including but not limited to civil actions, against you relating to any assaults, civil rights violations or similar complaints.

**Response:  See Response 32.**

41. Any and all documents not mentioned above concerning, or prepared as a result of Occurrence.

**Response:  This defendant does not have any documents responsive to this request.**

42. Any and all videotape recordings and/or security surveillance film that reflect the actual scene of the occurrence at time the incident and/or the activities of any of the parties referred to herein.

**Response:  This defendant does not have any documents responsive to this**

request.

43. Copies of any and all policies of insurance, contracts, indemnification

agreements, Mary Carter agreements or other documents that provide coverage

for you for any judgment against you in this case.

**Response:  Objection as to relevance, and is unlikely to lead to admissible**

**evidence.  Notwithstanding the objections and further answering, this defendant**

**does not have any documents responsive to this request.**


As to objections:                    Respectfully submitted:

                                     LINDA SINGER
                                     Attorney General for the District of Columbia

                                     GEORGE C. VALENTINE
                                     Deputy Attorney General
                                     Civil Litigation Division

                                     PATRICIA A. JONES [428132]
                                     Chief, General Litigation, Section IV

                                     MICHAEL BRUCKHEIM [455192]
                                     ZUBERI WILLIAMS[1]
                                     Assistant Attorney General
                                     441 4th Street, N.W., 6th Floor North
                                     Washington, DC 20001
                                     (202) 724-6649; (202) 724-6650; (202) 727-6295
                                     (202) 727-3625 (fax)
                                     E-mail:  Michael.bruckheim@dc.gov
                                     Zuberi.williams@dc.gov

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR
83.2.

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing responses to plaintiff's requests for the production of documents were hand delivered on this 15th day of November, 2007, to:

Louis Fireison, Esq.
4550 Montgomery Ave.
Suite 910N
Bethesda, MD  20814

Michael Bruckheim
Assistant Attorney General

13

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON    )
           )
    Plaintiffs    )
           )
    v.       )  Case Number  1:07-CV-00807
           )  Judge Robertson
DISTRICT OF COLUMBIA, *et. al.*. )
           )
    Defendants.  )

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:  Donald Hinton
    c/o Louis Fireison, Esq.
    4550 Montgomery Ave.
    Suite 910N
    Bethesda, MD  20814

Defendant District of Columbia, by and through the District of Columbia Office of the Attorney General, 441 4th Street, N.W. Washington, D.C., 20001, pursuant to Fed. R. Civ. P. 33, having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to defendant by plaintiff:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Defendant reserves the right to amend, revise, or supplement its answers to

these interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimony, the defendant incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

(e) Defendant may provide documents, which will answer plaintiff's interrogatory in accordance with SCR-Civil 33(d).

## General Objections

Defendant objects to the production of any documents or information, which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to it after reasonable inquiry.

## INTERROGATORIES

1.    State your full name, address, phone number, date of birth, Social Security number, and your office or position with Defendant Metropolitan Police Department and state the names of all persons providing information and assistance in answering these Interrogatories and their capacity and relationship with Defendant District of Columbia.

**Answer:  Objection as to relevance and constitutes as unwarranted invasion of personal privacy.  Further objecting, this interrogatory seeks personal information**

for a District of Columbia employee, the release of which is prohibited by D.C.

Official Code §1-631.01 and D.C. Personnel Regulation at 31A District Personnel

Manual ("DPM") Sec. 3105, 3112, and 3113.6.  Notwithstanding the objection, and

further answering, LaShawna Lynch, Paralegal Specialist, Office of the Attorney

General, 441 4th Street, N.W. Washington, D.C., 20001.

2.      Describe all facts supporting your denial to any paragraph in Plaintiff's Complaint

in Defendant District of Columbia's Answer, including the location, present custodian,

and a description of any document upon which you rely in answering this Interrogatory.

Answer:  Objection, seeks legal conclusion.  Further objection as premature and

seeks information protected by attorney client privilege, and attorney work product

doctrine and/or deliberative process doctrine.  Notwithstanding the objection, please

refer to the PD 163, which has already been provided.

3.      Describe the facts supporting your affirmative defenses in the District of

Columbia's Answer to the Complaint, including the location, present custodian, and a

description of any document upon which you rely in answering this Interrogatory.

Answer:  Objection, seeks legal conclusion.  Further objection as premature and

seeks information protected by attorney client privilege, and attorney work product

doctrine and/or deliberative process doctrine.  Notwithstanding the objection, please

refer to the PD 163, which has already been provided.

4.      State each and every person, including their address and telephone number, who

has personal knowledge of the facts and events relating to the subject matter of the

Complaint, and for each such person, provide a brief description of his or her knowledge.

Answer:  Objection as overly broad and burdensome, as to relevance, and as

speculative. Notwithstanding the objections and further answering, the following

individuals may have personal knowledge about the facts alleged in plaintiff's

complaint: Officers Shawnee Nowlin and Marcia Slaughter, Metropolitan Police

Department, 6th District, 2701 Pennsylvania Ave., SE, Washington, DC (202) 727-

9099; Sergeant Jonathan Geer, Metropolitan Police Department, 2nd District, 3320

Idaho Ave., NW, Washington, DC 20016, (202) 715-7300; Detective Thomas,

Metropolitan Police Department, 7th District, 2455 Alabama Ave., SE, Washington,

DC 20020, (202) 698-1500; and Sergeant Darrell Best, Metropolitan Police

Department Police Academy, 4665 Blue Plains Drive, SW, Washington, DC 20032,

(202) 645-0073. Upon information and belief, Judith O'Connell and Alva

Alsobrooks may have information as well. Further answering, see Answer 10.

Officers Nowlin and Slaughter were present at the time of the incident and

Sergeants Geer and Best, and Detective Thomas responded to the scene after the

plaintiff resisted arrest.

5.      Identify each person whom you expect to call as an expert witness at trial,

including for each such expert, state the subject matter on which such expert is expected

to testify, the substance of the facts and opinions to which the expert is expected to

testify, and a summary of the grounds for each opinion.

Answer: Objection as premature. The District has not determined whether to use

an expert witness in this case and/or what expert(s) it will use. Plaintiff will be

notified regarding the District's intended expert witnesses in accordance with

Court's rules.

6.      At the time of Incident, describe in detail the criteria, standards and procedures

used by the Metropolitan Police Department or any employee thereof, in evaluating,

investigating or otherwise reviewing the use of excessive force, by an officer of the

Department.

**Answer: Objection as vague, overly broad, and irrelevant. Notwithstanding the**

**objection, please refer to the enclosed General Orders.**

7.    State the names and addresses of all persons from whom you, your

representatives, agents or attorneys have obtained statements, oral or written, in

connection with the incident, and identify the present custodian of such statement or

notes thereof.

**Answer: This defendant is unaware of any additional statements other than those**

**contained in the PD 163, PD 251 and PD 252.**

8.    If you contend, that the Plaintiff acted in such a manner as to cause or contribute

to the events which resulted in his injuries, identify the facts upon which base such a

contention and their source, including the content, location and present custodian of any

documents that you allege to be a source.

**Answer: See PD 163.**

9.    If you claim that the damages alleged by the Plaintiff were caused by the conduct

of some person or persons for whom the Defendant is not legally responsible, identify

such party, including their address and telephone number, and state all of the facts known

to you which you believe support your position, including all the facts which you intend

to rely upon at the time of trial.

**Answer: The District is not making any such assertion.**

10.    Identify all of the police officers or other employees, agents and/or servants who

were on duty on or about May 6, 2006 at Greater Southeast Community Hospital (hereinafter "the Hospital"), including their full name, address, dates of birth, Social Security number, rank and duty assignment.

**Answer: Objection as overly broad and burdensome, as to relevance, and constitutes as unwarranted invasion of personal privacy with respect to the disclosure of this defendant's date of birth, social security number, marital status, home address and/or home phone number. Notwithstanding these objections and further answering, see answer 4.**

11.    State specifically and in detail the exact sequence of events that occurred with respect to the incident involving the Plaintiff on or about May 6, 2006 including but not limited to, all events leading up to Officer Slaughter and Officer Nowlin at Greater Southeast Hospital, their interview of Plaintiff, and the subsequent events concerning, referring, or relating to the investigation of the occurrence. Identify all documents that were created as a result of the interview with Plaintiff.

**Answer: See answers 7 and 8.**

12.    Identify all persons who have investigated the incident involving the Plaintiff indicating the full name, address of each officer, employee, servant and/or agent of the Department, and the conclusions and/or findings resulting there from.

**Answer: See PD 163.**

13.    Describe in detail the criteria, standards and procedures used by the Metropolitan Police Department in guarding a prisoner in a health care facility.

**Answer: See attached General Order.**

14.    Please state each and every report, interoffice memoranda, or documents that

were prepared as a result of the incident including but not limited to the name of the preparer, date prepared, content of the document and location of the document.

**Answer: Objection as vague and overly broad. Notwithstanding the objection, the District is unaware if any additional reports other than those which have already been disclosed to plaintiff.**

15.    State whether the Metropolitan Police Department has promulgated rules and regulations concerning procedures to protect the health of arrested and detained persons who are injured. Please state the substance of such rules and regulations and their citations.

**Answer: See attached General Order.**

16.    State whether any medical treatment was given by any police officer on the day of the incident to the Plaintiff. If your answer is in the affirmative, please state t the nature of the treatment.

**Answer: Upon information and belief, no medical treatment was administered by any police officer.**

Pursuant to Fed. P. Civ. R. 33, I have been designated by the District to respond to the above discovery requests. I have read the foregoing answers to interrogatories, and they are true to the best of my knowledge, information and belief.

LaShawna Lynch
Paralegal Specialist

SWORN AND SUBSCRIBED before me, a Notary Public, this 14th day of November, 2007.

Notary Public, DC
My Commission Expires: 2/28/09

As to objections:          Respectfully submitted:

                           LINDA SINGER
                           Attorney General for the District of Columbia

                           GEORGE C. VALENTINE
                           Deputy Attorney General
                           Civil Litigation Division

                           PATRICIA A. JONES [428132]
                           Chief, General Litigation, Section IV

                           _____
                           MICHAEL BRUCKHEIM [455192]
                           ZUBERI WILLIAMS[1]
                           Assistant Attorney General
                           441 4th Street, N.W., 6th Floor North
                           Washington, DC 20001
                           (202) 724-6649; (202) 724-6650; (202) 727-6295
                           (202) 727-3625 (fax)
                           E-mail:  Michael.bruckheim@dc.gov
                           Zuberi.williams@dc.gov


## CERTIFICATE OF SERVICE

        I hereby certify that true copies of the foregoing responses to plaintiff's
interrogatories were hand delivered on this 15th day of November, 2007, to:

Louis Fireison, Esq.
4550 Montgomery Ave.
Suite 910N
Bethesda, MD  20814

                                        _____
                                        Michael Bruckheim
                                        Assistant Attorney General

_____

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR
83.2.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON       )
                                  )
           Plaintiffs         )
                                  )
            v.               )    Case Number: 1:07-CV-00807
                                  )    Judge Robertson
DISTRICT OF COLUMBIA, *et. al.,.*   )
                                  )
         Defendants.      )

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Donald Hinton
        c/o Louis Fireison, Esq.
        4550 Montgomery Ave.
        Suite 910N
        Bethesda, MD  20814

## GENERAL OBJECTIONS

The District objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. In addition, the District objects to any part of plaintiffs' instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

## REQUESTS

1.    Any and all police reports made by D, C, Police Officers concerning the assault and battery and arrest of Mr. Hinton as alleged in the complaint filed in this case, and any other written investigation, incident report, complaint, internal inquiry, or other written reports concerning or related to the incident outlined in the Complaint filed in this case.

**Response:  See PD 251 Incident Based Event Report, PD 252 Supplemental Report, and PD 163 Arrest/Prosecution Report, all dated 06 May 2006.  These documents were provided to plaintiff's counsel by hand on November 8, 2007.**

2.    The curriculum vitae of any witnesses whom you intend to call as experts at any hearing or trial of this matter.

**Response:  Objection as premature. The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use.  Plaintiff will be notified regarding the District's intended expert witnesses in accordance with Court's rules.**

3.    Any and all reports generated by any witness whom you plan to call as an expert at any hearing or the trial of this matter.

**Response:  See Response 2.**

4.    Any and all documents reviewed by any witnesses whom you plan to call as an expert in preparation of their opinions or in the formulation of their opinions in this matter.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Further**

objecting, this request is premature.  The District has not determined whether to use an expert witness in this case and/or what expert(s) it will use.

5.      Any and all documents reflecting, relating or evidencing your contentions as to how the Occurrence took place.

**Response:  See Response 1.**

6.      Any and all documents reflecting, relating or evidencing written, recorded or transcribed statements given or made by any and all parties hereto, or witnesses, in connection with the Occurrence.

**Response:  See Response 1.**

7.      Any and all documents reflecting, relating or evidencing all reports made by you in the ordinary course of business with respect to the Occurrence described in the Complaint.  This includes, but is not limited to, any and all statements and/or interviews of witnesses, police officers and medical personnel, incident reports, notes, memoranda, chronology statements, draft reports and final reports, and any results of investigations by the Department or any prosecuting authority.

**Response:  See Response 1.**

8.      All correspondence and/or documents concerning or in any way pertaining to any complaints, whether formal or informal, received by Defendant District of Columbia concerning or in any way pertaining to or involving the police officers who are Defendants in this case in the last ten years.

**Response:  Upon information and belief, there are none.**

9.      All written or recorded statements as a result of the incident which is the subject of the complaint.

**Response:  See enclosed disc of radio run and corresponding Event Chronology document.**

10.    All notes of Officer Marcia L. Slaughter, Officer Shawnee Nowlin or any other officer or employee of Defendant District of Columbia of their interviews with Plaintiff, and/or any notes of any interview conducted, whether formal or informal, that is related to this incident.

**Response:  To the District's knowledge, there are none.**

11.    All written or recorded statements given by any witness to all or part of the incident.

**Response:  See Response 1.**

12.    Any and all written material or physical evidence of any kind which the Defendant District of Columbia intends to offer in evidence at the trial of this case.

**Response:  Objection as premature.  Further objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Notwithstanding these objections and furthering answering, documents will be provided according to the rules of the court.**

13.    Any and all documents regarding any investigation or inquiry into the cause or circumstances of the Incident by the District of Columbia Police Department, employees, servants, and/or agents, civilian or municipal review boards, or internal investigations of the officers and the incident.

**Response:  Objection as to relevance, vagueness, overly broad and privilege. Notwithstanding the objection, to the District's knowledge, there are none.**

14.    All documents which you referred to in preparing your answers to Interrogatories.

**Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.**

15. All written or recorded statements of Plaintiff, Defendant officers or other witnesses to the incident.

**Response: See Response 1.**

16. All documents relating to any investigation of the incident or the disciplinary action resulting from the incident.

**Response: Upon information and belief, there are none.**

17. All documents received in response to any subpoena issued by the Metropolitan Police Department in this case.

**Response: Upon information and belief, there are none.**

18. Any and all documents or photographs received during the course of the investigation of this matter from any party.

**Response: Upon information and belief, there are none.**

19. All documents, including but not limited to, memos, reports, notes, photographs, drawings, etc. that pertain to the incident involving Plaintiff and any related Department action.

**Response: See Response 1.**

20. All documents and/or reports regarding any disciplinary action taken by the Metropolitan Police Department against an employee relating to the incident which is the subject of the Complaint in this case.

**Response: Objection as to relevance, vagueness, overly broad and privilege. Notwithstanding the objection, to the District's knowledge, there are none.**

21.    Any documents you intend to introduce and use as exhibits at the trial of this matter.

**Response:  Objection as premature.  Further objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Notwithstanding these objections and furthering answering, documents will be provided according to the rules of the court.**

22.    Copies of each and every document which supports, refers or relates to any contention by you that Plaintiff in any way contributed to the incident which is the subject of the Complaint in this case.

**Response:  See Response 1.**

23.    The complete personnel files of the Defendant officers except for payroll information.

**Response:  Objection, seeks confidential personnel information protected under DC Code §1-631.01, §1-632.03, §5-113.01, §5-113.06 and 3102.01 of the District Personnel Manual, and as it constitutes as unwarranted invasion of personal privacy.  Notwithstanding the objection, see attached documents with personal information having been redacted.**

24.    All documents which support any position you intend to take in this case, which you expect to introduce into evidence on your behalf.

**Response:  Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.**

25.    All letters, memoranda, notes, or any other correspondence between you and Defendant Officers from the date of the incident to the date of production.

**Response:  See Response 24.**

26.    All letters, memoranda, notes, or any other correspondence between you and any

other person relating to incident which is the subject of the Complaint in this case to the

date of production.

**Response:  See Response 24.**

27.    Any documents you intend to introduce and use as exhibits at any hearing held on

this matter.

**Response:  Objection, seeks information protected by attorney client privilege, and**

**attorney work product doctrine and/or deliberative process doctrine.**

28.    Any records showing all personnel of MPD or any other governmental agency

present on the date of the incident at the location of the incident, including but not limited

to the name of the employee, position title, address and telephone number.

**Response:  See answers to interrogatories.**

29.    All documents mentioned in your answers to Interrogatories.

**Response:  See attached.**

30.    Copies of all rules, regulations, handbooks, manuals, training materials

memoranda, orders or any writings relating to prisoners in medical facilities, interacting

with health care personnel at medical facilities where prisoners are being treated,

requirements of police officers for watching prisoners in health care facilities, arrest and

detention of individuals who may be or who may be charged with a criminal offense.

**Response:  See attached.**

31.    All photographs taken of the plaintiff.

**Response:  Upon information and belief, there are none.**

32.    Copies of all complaints regarding allegations of police brutality or excessive force by Officers Nowlin and Slaughter.

**Response:  See Response 20.**

33.    All documents which comprise any investigation into any allegation of excessive force, abusive behavior, misconduct or dishonesty in the past ten years by Officers Nowlin and Slaughter.

**Response:  See Response 20.**

34.    All documents which comprise the results of any investigation into any allegation of excessive force, abusive behavior, misconduct or dishonesty in the past ten years by Officers Nowlin and Slaughter.

**Response:  See Response 20.**

35.    Any and all documents which comprise the personnel files of Officers Nowlin and Slaughter including, but not limited to their disciplinary records, and any other document which concern their hiring, training, duties, performances, assignments and mental and physical condition.

**Response:  Objection as duplicative.  Further objecting, seeks confidential personnel information protected under DC Code §1-631.01, §1-632.03, §5-113.01, §5-113.06 and 3102.01 of the District Personnel Manual, and as it constitutes as unwarranted invasion of personal privacy.  Notwithstanding the objection, see attached documents with personal information having been redacted.**

36.    Any records that document any training received by Officers Nowlin and Slaughter.

**Response:  Objection as vague, irrelevant and overly broad.  Notwithstanding the objection, the District is unaware of any such documents.  Discovery is ongoing and the District will supplement should such information become available.**

37.    The course instruction booklets, manuals, syllabi, and any other instructional materials or handouts used in the training or instruction received by Officers Nowlin and Slaughter with respect to the proper procedure for guarding prisoners at health care facilities.

**Response:  See Response 36.**

As to objections:                    Respectfully submitted:

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

MICHAEL BRUCKHEIM [455192]
ZUBERI WILLIAMS[1]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 724-6650; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  Michael.bruckheim@dc.gov
Zuberi.williams@dc.gov

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing responses to plaintiff's requests for the production of documents were hand delivered on this 15th day of November, 2007, to:

Louis Fireison, Esq.
4550 Montgomery Ave.
Suite 910N
Bethesda, MD 20814

Michael Bruckheim
Assistant Attorney General

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DONALD RAY HINTON )
     )
  Plaintiff )
     )
  v. )  Case No.: 1:07-cv-00807
     )
THE DISTRICT OF COLUMBIA, *et al.* )
     )
  Defendants )
_____)

## ORDER

_____Upon consideration of Plaintiff's Motion to Compel and for Sanctions, and the

information contained therein, and any Opposition filed thereto, and after review of the

entire record, it is by the court this _____ day of _____, 2007, hereby

  ORDERED, that Plaintiff's Motion to Compel and for Sanctions be and the same

is hereby GRANTED; it is further

  ORDERED, that defendants, Nowlin, Slaughter and the District of Columbia,

shall provide full and complete answers to Plaintiff's Interrogatories on or before the

_____ day of December, 2007, and it is further

  ORDERED, that defendants, Nowlin, Slaughter and the District of Columbia,

shall provide full and complete responses to Plaintiff's Requests for Production of

Documents and shall produce all documents requested on or before _____ day

of December, 2007, and it is further

  ORDERED, that defendants, Nowlin, Slaughter and the District of Columbia

shall indicate in their responses to requests for production of documents which

documents are in existence as well as their location; it is further

  ORDERED, that if defendants fail to comply with this Order, they shall be

prohibited from presenting any evidence supporting their claims or opposing Plaintiff's

claims and from introducing any evidence at the time of trial in this case and D

Defendants' answers shall be stricken, and it is further

ORDERED, that defendants shall pay to Plaintiff the sum of

$_____ as and for counsel fees and costs related to this action, the Court

being of the opinion that the refusal of Defendants in answering Plaintiff's discovery

was not justified, and judgment is entered herein, and it is further

ORDERED, that Defendants shall pay at least 10 days in advance of the next

deposition date for the rescheduled deposition of Defendant Nowlin, and it is further

ORDERED, that Defendant Marcia Slaughter shall attend a deposition to be

taken by Plaintiff no later than January 10, 2008.

_____
JUDGE

Copies to:

Louis Fireison, Esquire
Louis Fireison & Associates, PA
4550 Montgomery Avenue
Suite 910N
Bethesda, Maryland 20814

Michael Bruckheim, Esquire
Assistant Attorney General
Office of the Attorney General
441 4th Street, NW, 6th Floor North
Washington, DC 20001