UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON )
    Plaintiff )
    v. ) Case No.: 1:07-cv-00807
THE DISTRICT OF COLUMBIA, et al. )
    Defendants )

**PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL DISCOVERY
AND FOR SANCTIONS**

COMES NOW Plaintiff, Donald Ray Hinton, by and through undersigned counsel and hereby submits Plaintiff's Supplemental Motion to Compel Discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure and for the reasons therefore states:

1.    On or about November 21, 2007, Plaintiff filed a Motion to Compel Discovery and for Sanctions in the above-captioned case.

2.    Subsequent to filing Plaintiff's Motion to Compel and for Sanctions, Plaintiff received Defendant Marcia Slaughter's Responses to Plaintiff's First Set of Interrogatories on or about November 27, 2007.

3.    Defendant Slaughter's responses to interrogatories were incomplete, evasive and nearly a carbon copy of Defendant Nowlin's responses to interrogatories.

4.    More specifically, Defendant Slaughter failed to provide full and complete responses to the following interrogatories:

Plaintiff's Interrogatory No. 4:

State the names, addresses and telephone numbers of each and every person who has personal knowledge of any relevant facts and events, information, or evidence, relating to the criminal case against Donald R. Hinton and the Complaint herein, and for each such person, provide a brief description of his or her knowledge.

Defendant's Answer:

Objection as overly broad and burdensome, and as to relevance, and as

speculative. Notwithstanding the objections and further answering, the following individuals may have personal knowledge about the facts alleged in Plaintiff's Complaint: Officer Shawnee Nowlin, Metropolitan Police Department, 6th District, 2701 Pennsylvania Avenue., SE, Washington, DC (202)727-9099; Sergeant Jonathan Gere, Metropolitan Police Department, 2nd District, 3320 Idaho Ave., NW, Washington, DC 20016, (202)715-7300; Detective Thomas, Metropolitan Police Department, 7th District, 2455 Alabama Ave., SE, Washington, DC 20020, (202)698-1500; and Sergeant Darrell Best, Metropolitan Police Department Police Academy, 4665 Blue Plains Drive, SW, Washington, DC 20032, (202)645-0073. Further answering, see Answer 10. Officer Slaughter was present at the time of the incident and Sergeants Gere, and Best and Detective Thomas responded to the scene after the plaintiff resisted arrest. Further answering, see Answer #10.

Plaintiff objects on the ground that Defendant failed to provide all of the requested information. Defendant failed to provide a description of each person's knowledge of the events. Plaintiff is entitled to know who has knowledge of the facts of this case and the basis of their knowledge and that is information Defendant clearly has or can easily be obtained.

<u>Plaintiff's Interrogatory No. 8:</u>

Describe all formal training and retraining, including the dates thereof, you have received while a member of the Metropolitan Police Department relating to law enforcement, including, but not limited to, the use of force and weapons.

<u>Defendant's Answer:</u>

Objection as overly broad. Notwithstanding the objection, I received my initial training upon joining the police force 5 years ago, including, but not limited to training on the General Orders, Laws of Arrest, DC Code, Stop and Frisk, First Aid and CPR, Drug testing, and other related trainings. Since then, I have received weapons training twice a year every year, and annual in service training sessions.

Again, all of the requested information has not been provided. Defendant failed to provide relevant dates of training that she personally attended. This is clearly information that is within Defendant's knowledge. To the extent that Defendant does not recall the specific dates, she has a duty to obtain the information and provide it in discovery.

<u>Plaintiff's Interrogatory No. 18:</u>

Please identify the standard operating procedures, police regulations, general orders and any other documents pertaining to the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured. This interrogatory includes both the current guidelines as well as those in effect at the time of the incident.

<u>Defendant's Answer:</u>

Objection as to relevance, and as overly broad. Notwithstanding the objection and further answering, I don't recall what specific General Order regulates the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured.

All of the requested information has not been provided. Defendant failed to identify the standard operating procedures that she is to follow while guarding prisoners at a health care or other facility. Defendant should be required to provide the information requested. She has all of the relevant information available to her as to the procedures to be taken while guarding a prisoner at a hospital.

5. Again, as mentioned in Plaintiff's Motion to Compel and for Sanctions, Defendants have failed to provide Plaintiff with any meaningful documents necessary for the preparation for trial. Plaintiff has received incomplete, evasive, and non-responsive answers to interrogatories from all defendants.

6. Plaintiff has been severely prejudiced by defendants' wilful failure to provide meaningful discovery which is clearly within their control.

7. That Plaintiff has in good faith corresponded with defendants and has made every reasonable effort to obtain discovery from all defendants, to no avail.

WHEREFORE, Plaintiff respectfully requests:

1. That Plaintiff's Motion to Compel Discovery be granted pursuant to Fed. R. Civ.P. 37(a).

2. That Defendants be required to fully answer Plaintiff's Interrogatories and to

produce all documents requested in Plaintiff's Request for Production of Documents.

      3.    That Defendants be required to pay attorney's fees and expenses associated with their failure to respond to discovery pursuant to Fed. R. Civ. P. 37(a)(4)(A).

      4.    That Defendants be required to pay for the rescheduled deposition of Defendant Nowlin because of her refusal to produce documents at her deposition.

      5.    That Defendant Slaughter be required to attend a deposition at least 20 days prior to the end of discovery.

      6.    And for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LOUIS FIREISON & ASSOCIATES, P.A.**

BY:      /s/
Louis Fireison, Fed. I.D.# 103424
4550 Montgomery Avenue
Suite 910N
Bethesda, Maryland 20814-3344
(301) 652-7500

Attorney for Plaintiff

## POINTS AND AUTHORITY

Fed. Rules of Civil Procedure 26
Fed. Rules of Civil Procedure 33
Fed. Rules of Civil Procedure 34
Fed. Rules of Civil Procedure 37

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD RAY HINTON )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, *et al*. )<br>)<br>    Defendants )<br>_____) | Case No.: 1:07-cv-00807 |

## ORDER

_____Upon consideration of Plaintiff's Motion to Compel and for Sanctions, and the information contained therein, and any Opposition filed thereto, and after review of the entire record, it is by the court this _____ day of _____, 2007, hereby

ORDERED, that Plaintiff's Motion to Compel and for Sanctions be and the same is hereby GRANTED; it is further

ORDERED, that defendants, Nowlin, Slaughter and the District of Columbia, shall provide full and complete answers to Plaintiff's Interrogatories on or before the _____ day of December, 2007, and it is further

ORDERED, that defendants, Nowlin, Slaughter and the District of Columbia, shall provide full and complete responses to Plaintiff's Requests for Production of Documents and shall produce all documents requested on or before _____ day of December, 2007, and it is further

ORDERED, that defendants, Nowlin, Slaughter and the District of Columbia shall indicate in their responses to requests for production of documents which documents are in existence as well as their location; it is further

ORDERED, that if defendants fail to comply with this Order, they shall be

prohibited from presenting any evidence supporting their claims or opposing Plaintiff's claims and from introducing any evidence at the time of trial in this case and D Defendants' answers shall be stricken, and it is further

ORDERED, that defendants shall pay to Plaintiff the sum of $_____ as and for counsel fees and costs related to this action, the Court being of the opinion that the refusal of Defendants in answering Plaintiff's discovery was not justified, and judgment is entered herein, and it is further

ORDERED, that Defendants shall pay at least 10 days in advance of the next deposition date for the rescheduled deposition of Defendant Nowlin, and it is further

ORDERED, that Defendant Marcia Slaughter shall attend a deposition to be taken by Plaintiff no later than January 10, 2008.

_____
JUDGE

Copies to:

Louis Fireison, Esquire
Louis Fireison & Associates, PA
4550 Montgomery Avenue
Suite 910N
Bethesda, Maryland 20814

Michael Bruckheim, Esquire
Assistant Attorney General
Office of the Attorney General
441 4th Street, NW, 6th Floor North
Washington, DC 20001