UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD HINTON,                          :
                                        :
            Plaintiff,                  :
v.                                      :        Civil Action No. #1:07-cv-00807 (JR)
                                        :
DISTRICT OF COLUMBIA, *et. al.,*:
                                        :
            Defendants.                 :

DEFENDANTS SHAWNEE NOWLIN, MARCIA SLAUGHTER AND THE DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Defendants Shawnee Nowlin, Marcia Slaughter and the District of Columbia, by and through counsel, hereby oppose plaintiff's Motion to Compel Discovery and for Sanctions. In support of their opposition, this defendant states as follows:

I.      PRELIMINARY STATEMENT

The parties appeared before this Court for a status conference on November 8, 2007. At this conference, the Court stated that plaintiff had leave to file a motion to compel if plaintiff did not receive defendant Slaughter's interrogatory responses by November 16, 2007. On November 21, 2007, plaintiff filed his motion to compel discovery from the three named defendants in this action. Defendants oppose plaintiff's motion on the following grounds: 1) plaintiff's motion to compel is moot as to defendant Slaughter because plaintiff has received defendant Slaughter's interrogatory responses, and has suffered no prejudice herein, and 2) plaintiff failed to comply with Fed. R. Civ. P. 37(a)(2)(A) because plaintiff did not attempt to confer with defendants regarding the remaining discovery responses.

**II      ARGUMENT**

**A)      Plaintiff's Motion to Compel is Moot as to Defendant Slaughter.**

Plaintiff has received defendant Slaughter's interrogatory responses and has suffered no prejudice.[1]  Plaintiff has not yet deposed defendant Slaughter and discovery in this matter does not close until January 31, 2007.  Therefore, plaintiff's motion with respect to defendant Slaughter should be denied as moot.

**B)      Plaintiff's Motion to Compel Should be Denied.**

While plaintiff had leave of this Court to file a motion to compel if he did not receive discovery response from defendant Slaughter by November 16, 2007, plaintiff nevertheless took the opportunity to raise other alleged issues with the discovery responses provided by defendants Nowlin and the District of Columbia.  In so doing, plaintiff failed to comply with FRCP 37(a)(2)(A), which reads, "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."

Plaintiff's motion did not include the required certification that he conferred or attempted to confer with the defendants regarding his remaining discovery issues.  Moreover, plaintiff did not communicate his problems with defendants' discovery responses, either orally or in writing, prior to his filing the motion to compel.  Accordingly, the clear language of FRCP 37(a)(2)(A) mandates that plaintiff's motion to compel be summarily denied.

---

[1] Defendant Slaughter is on maternity leave.  This has made it difficult to coordinate the completion and production of her discovery responses to plaintiff.

1.      **Defendant Nowlin's Answers Are Sufficient.**

Plaintiff avers that defendant Nowlin's answers are deficient and seeks to compel more

responsive answers.  As set forth below, plaintiff's claims are without merit.

> Interrogatory 4:  State the names, addresses and telephone numbers of each and
> every person who has personal knowledge of any relevant facts and events,
> information, or evidence, relating to the criminal case against Donald R.
> Hinton and the Complaint herein, and for each such person, provide a brief
> description of his or her knowledge.

> Defendant's Answer:  Objection as overly broad and burdensome, and as to
> relevance, and as speculative. Notwithstanding the objections and further
> answering, the following individuals may have personal knowledge about the
> facts alleged in Plaintiff's Complain: Officer Marcia Slaughter, Metropolitan
> Police Department, 6 District, 2701 Pennsylvania Avenue., th SE, Washington, D
> DC (202)727-9099; Sergeant Jonathan Gere, Metropolitan Police Department,
> 2 District, and 3320 Idaho Ave., NW, Washington, DC 20016, (202)715-7300;
> Detective Thomas, Metropolitan Police Department, 7th District, 2455
> Alabama Ave., SE, Washington, DC 20020, (202)698-1500; and Sergeant
> Darrell Best, Metropolitan Police Department Police Academy, 4665 Blue
> Plains Drive, SW, Washington, DC 20032, (202)645-0073. Further
> answering, see Answer 10. Officer Slaughter was present at the time of
> the incident and Sergeants Gere, and Best and Detective Thomas
> responded to the scene after the plaintiff resisted arrest.

Plaintiff avers that defendant Nowlin's response does not provide all requested information.

This defendant has no way of knowing all the knowledge the identified persons possess.

However, she provided what knowledge she possessed that was responsive to plaintiff's request.

> Plaintiff's Interrogatory No. 8:  Describe all formal training and retraining,
> including the dates thereof, you have received while a member of the
> Metropolitan Police Department relating to law enforcement, including, but not
> limited to, the use of force and weapons.

> Defendant's Answer: I received my initial training upon joining the police force 8
> years ago, including, but not limited to training on the General Orders, Laws of
> Arrest, DC Code, Stop and Frisk, First Aid and CPR, Photo and Lidar Radar,
> Drug testing, and other related trainings. Since then, I have received weapons
> training twice a year every year, and annual in service training sessions.

Plaintiff avers that defendant Nowlin failed to provide all relevant dates of the training she received. Defendant Nowlin provided her response in good faith, and answered as best she could based on the information in her possession. This defendant does not have any records in her possession that would document the dates of her training.

> Plaintiff's Interrogatory No. 18: Please identify the standard operating procedures, police regulations, general orders and any other documents pertaining to the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured. This interrogatory includes both the current guidelines as well as those in effect at the time of the incident.

> Defendant's Answer: Objections as to relevance. Notwithstanding the objection and further answering, I don't recall what specific General Order regulates the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured.

Contrary to plaintiff's claims, this defendant has provided what information she has in her possession. She is not required to guess at responsive information.

Plaintiff claims that defendant Nowlin's Responses to Requests for Production of Documents were deficient. According to plaintiff, defendant Nowlin has a duty to gather documents that are in her care, custody and control to provide in discovery. This defendant provided plaintiff with all documents that are in her care, custody and/or control. This defendant has no control over the documents that are in the possession of defendant District of Columbia. Instead, plaintiff must obtain those documents from the District.

## 2.     Defendant District of Columbia's Responses Are Sufficient.

Plaintiff avers that the District's responses to her discovery requests are deficient. As shown below, plaintiff's claims are without merit.

> Plaintiff's Interrogatory No. 4: State each and every person, including their address and telephone number, who has personal knowledge of the facts and events relating to the subject matter of the Complaint, and for each such person, provide a brief description of his or her knowledge.

Defendant's Answer:  Objection as overly broad and burdensome, as to relevance, and as speculative. Notwithstanding the objections and further answering, the following individuals may have personal knowledge about the facts alleged in plaintiff's complaint: Officers Shawnee Nowlin and Marcia Slaughter, Metropolitan Police Department, 6th District, 2701 Pennsylvania Avenue, SE, Washington, Dc (202)727-9099; Sergeant Jonathan Geer, Metropolitan Police Department, 2nd District, 3320 Idaho Ave., NW, Washington, DC 20016, (202)715-7300; Detective Thomas, Metropolitan Police Department, 7th District, 2455 Alabama Ave., SE, Washington, DC 2002, (202)698-1500; and Sergeant Darrell Best, Metropolitan Police Department Police Academy, 4665 Blue Plains Drive, SW, Washington, DC 20032, (202)645-0073. Upon information and belief, Judith O'Connell and Alva Alsobrooks may have information as well. Further answering, see Answer 10. Officers Nowlin and Slaughter were present at the time of the incident and Sergeants Geer and Best, and Detective Thomas responded to the scene after the plaintiff resisted arrest.

Plaintiff avers that defendant District of Columbia's response does not provide all requested information.  This defendant has no way of knowing all the knowledge the identified persons possess.  However, defendant District of Columbia provided what knowledge it possessed that was responsive to plaintiff's request, and identified all known witnesses at the scene.  Plaintiff is not prejudiced by the provision of this information.

Plaintiff avers that the District's Responses to Requests for Production of Documents are incomplete.  As shown below, plaintiff's claims are without merit.

14.    All documents which you referred to in preparing your answers to Interrogatories.

Defendant's Response:  Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.

Under the deliberative process and attorney work product doctrines, defendant is not required to disclose how its answers to interrogatories were formulated.  However, without waiving these objections, defendant District of Columbia has formally supplemented its responses, and have provided plaintiff with additional information.  *See* attached Supplemental

Response # 14, wherein the District indicates it relied upon the PD 163, PD 251 and PD 252. All of these documents have been produced to counsel for plaintiff. Plaintiff's objection to the District's response has thus been rendered moot.

> 24. All documents which support any position you intend to take in this case, which you expect to introduce into evidence on your behalf.
>
> Defendant's Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.

Under the deliberative process and attorney work product doctrines, defendant is not required to disclose the positions it intends to take in this case. Moreover, this request is premature as the District has not decided what evidence it intends to use at trial, and discovery is ongoing. See FRCP 33(c).

> 25. All letters, memoranda, notes, or any other correspondence between you and Defendant Officers from the date of the incident to the date of production.
>
> Defendant's Response: See Response 24.

Under the deliberative process and attorney work product doctrines, defendant is not required to disclose documents that were created in response to litigation. To the extent plaintiff is referring to notes or correspondence between the District of Columbia and defendants Nowlin and Slaughter, and without waiving these objections, defendant District of Columbia amends its response herein, and states that no such documents exist apart the paperwork generated by the arrest of plaintiff. All of those documents have been produced to counsel for plaintiff. Plaintiff's objection to the District's response has thus been rendered moot.

> 26. All letters, memoranda, notes, or any other correspondence between you and any other person relating to incident which is the subject of the Complaint in this case to the date of production.
>
> Defendant's Response: See Response 24.

Under the deliberative process and attorney work product doctrines, defendant is not required to disclose documents that were created in response to litigation. To the extent plaintiff is referring to notes or correspondence between the District of Columbia and any other individual, defendant District of Columbia does not have responsive documents. Plaintiff's objection to the District's response has thus been rendered moot.

> 27. Any documents you intend to introduce and use as exhibits at any hearing held in this matter.
>
> Defendant's Response: Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.

Under the deliberative process and attorney work product doctrines, defendant is not required to disclose documents that it intends to use as exhibits at trial until submission of the pre-trial statement. Furthermore, this defendant has not decided what documents it intends to introduce at the trial of this matter. See also, FRCP 33(c).

> 28. Any records showing all personnel of MPD or any other governmental agency present on the date of the incident at the location of the incident, including but not limited to the name of the employee, position title, address and telephone number.
>
> Defendant's Response: See answers to interrogatories.

Defendant District of Columbia has amended its response. See attached Supplemental Response.

### 3.    Defendant Slaughter's Responses are Sufficient.

Plaintiff avers that defendant Slaughter's answers are deficient and seeks to compel more responsive answers. As set forth below, plaintiff's claims are without merit.

> Interrogatory 4: State the names, addresses and telephone numbers of each and every person who has personal knowledge of any relevant facts and events, information, or evidence, relating to the criminal case against Donald R. Hinton and the Complaint herein, and for each such person, provide a brief

description of his or her knowledge.

Defendant's Answer:  Objection as overly broad and burdensome, and as to relevance, and as speculative. Notwithstanding the objections and further answering, the following individuals may have personal knowledge about the facts alleged in Plaintiff's Complain: Officer Marcia Slaughter, Metropolitan Police Department, 6 District, 2701 Pennsylvania Avenue., th SE, Washington, D DC (202)727-9099; Sergeant Jonathan Gere, Metropolitan Police Department, 2 District, and 3320 Idaho Ave., NW, Washington, DC 20016, (202)715-7300; Detective Thomas, Metropolitan Police Department, 7th District, 2455 Alabama Ave., SE, Washington, DC 20020, (202)698-1500; and Sergeant Darrell Best, Metropolitan Police Department Police Academy, 4665 Blue Plains Drive, SW, Washington, DC 20032, (202)645-0073. Further answering, see Answer 10. Officer Nowlin was present at the time of the incident and Sergeants Gere, and Best and Detective Thomas responded to the scene after the plaintiff resisted arrest.

Plaintiff avers that defendant Slaughter's response does not provide all requested information.

This defendant has no way of knowing all the knowledge the identified persons possess.

However, she provided what knowledge she possessed that was responsive to plaintiff's request.

Plaintiff's Interrogatory No. 8:  Describe all formal training and retraining, including the dates thereof, you have received while a member of the Metropolitan Police Department relating to law enforcement, including, but not limited to, the use of force and weapons.

Defendant's Answer: I received my initial training upon joining the police force 5 years ago, including, but not limited to training on the General Orders, Laws of Arrest, DC Code, Stop and Frisk, First Aid and CPR, Drug testing, and other related trainings.  Since then, I have received weapons training twice a year every year, and annual in service training sessions.

Plaintiff avers that defendant Slaughter failed to provide all relevant dates of the training she received.  Defendant Slaughter provided her response in good faith, and answered as best she could based on the information in her possession.  This defendant does not have any records in her possession that would document the dates of her training.

Plaintiff's Interrogatory No. 18:  Please identify the standard operating procedures, police regulations, general orders and any other documents pertaining to the detention and guarding of prisoners at a health care or other facility and

> protecting the health of arrested and detained persons who are injured. This interrogatory includes both the current guidelines as well as those in effect at the time of the incident.
>
> Defendant's Answer:  Objections as to relevance. Notwithstanding the objection and further answering, I don't recall what specific General Order regulates the detention and guarding of prisoners at a health care or other facility and protecting the health of arrested and detained persons who are injured.

Contrary to plaintiff's claims, this defendant has provided what information she has in her possession.  She is not required to guess at responsive information.

Plaintiff claims that defendant Slaughter's Responses to Requests for Production of Documents were deficient.  According to plaintiff, defendant Slaughter has a duty to gather documents that are in her care, custody and control to provide in discovery.  This defendant provided plaintiff with all documents that are in her care, custody and/or control.  This defendant has no control over the documents that are in the possession of defendant District of Columbia. Instead, plaintiff must obtain those documents from the District.

### C)    Plaintiff is Not Entitled to Costs and Sanctions.

Plaintiff has asked this Court to award him costs and attorney's fees associated with his bringing this motion under FRCP 37(a)(4)(A).  As noted in section B, *supra,* plaintiff clearly failed to comply with FRCP 37(a)(2)(A).  Plaintiff has not shown any good faith efforts to resolve the discovery dispute prior to filing this motion.  Had plaintiff attempted to address his issues with these defendants prior to bringing this motion, the parties could have resolved and/or narrowed the discovery dispute.  Accordingly, plaintiff should not be awarded costs and attorney's fees associated with bringing a motion that was improperly filed under the federal rules.

Plaintiff also asks this Court to order defendant Slaughter to attend a deposition at least 20 days prior to the close of discovery.  Plaintiff has provided no basis for such an order.

Plaintiff has never incurred any expenses from defendant Slaughter's "failure" to attend any previously noted deposition.[2]  As of this writing, there is no pending notice of deposition for defendant Slaughter.  However, the parties have been conferring about convenient dates in January 2008.

WHEREFORE, defendants respectfully request this Court deny plaintiff's motion to compel in its entirety.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/ Michael P. Bruckheim_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

---

[2] As disclosed at the November 8, 2007 scheduling conference, Officer Slaughter was in the final weeks of a difficult pregnancy and was unable to appear for her noted deposition for November 14, 2007.  Plaintiff's counsel was provided sufficient notice with respect to plaintiff's inability to attend.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DONALD HINTON,                  :
                                :
              Plaintiff,        :
v.                              :        Civil Action No. #1:07-cv-00807 (JR)
                                :
DISTRICT OF COLUMBIA,  *et. al.,*:
                                :
              Defendants.       :


## <u>ORDER</u>

Upon consideration of the defendants Shawnee Nowlin, Marcia Slaughter and the District of Columbia's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Compel, any reply thereto, and the record herein, it is this ___ day of _____, 200__,

ORDERED:  Plaintiff's Motion to Compel is hereby DENIED for the reasons set forth in defendants' opposition.


_____
Judge James Robertson
United States District Court
for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON         )
                                      )
         Plaintiffs        )
                                      )
         v.                )     Case Number:  1:07-CV-00807
                                      )     Judge Robertson
DISTRICT OF COLUMBIA, *et. al.,*   )
                                      )
         Defendants.    )

## DEFENDANT DISTRICT OF COLUMBIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Donald Hinton
        c/o Louis Fireison, Esq.
        4550 Montgomery Ave.
        Suite 910N
        Bethesda, MD  20814

### GENERAL OBJECTIONS

The District objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege.  Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request.  In addition, the District objects to any part of plaintiffs' instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

## REQUESTS

14.    All documents which you referred to in preparing your answers to Interrogatories.

**Response:  Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine. Notwithstanding and without waiving the objections, defendants states that it relied upon the PD 163, PD 251 and PD 252 in preparing these responses.  Copies of those documents have already been provided.**

24.    All documents which support any position you intend to take in this case, which you expect to introduce into evidence on your behalf.

**Response:  Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Defendant is not required to disclose the positions it intends to take in this case.  Moreover, this request is premature as the District has not decided what evidence it intends to use at trial, and discovery is ongoing.  See FRCP 33(c).**

25.    All letters, memoranda, notes, or any other correspondence between you and Defendant Officers from the date of the incident to the date of production.

**Response:   Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine. Notwithstanding and without waiving the objection, and to the extent plaintiff is referring to notes or correspondence between the District of Columbia and defendants Nowlin and Slaughter, defendant District of Columbia amends its response herein, and states that no such documents exist apart the paperwork**

**generated by the arrest of plaintiff.  All of those documents have been produced to counsel for plaintiff.**

26.     All letters, memoranda, notes, or any other correspondence between you and any other person relating to incident which is the subject of the Complaint in this case to the date of production.

**Response:  Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine. Notwithstanding and without waiving the objection, and to the extent plaintiff is referring to notes or correspondence between the District of Columbia and any other individual, defendant District of Columbia ahs no responsive documents.**

27.     Any documents you intend to introduce and use as exhibits at any hearing held on this matter.

**Response:  Objection, seeks information protected by attorney client privilege, and attorney work product doctrine and/or deliberative process doctrine.  Defendant is not required to disclose the positions it intends to take in this case.  Moreover, this request is premature as the District has not decided what evidence it intends to use at trial, and discovery is ongoing.  See FRCP 33(c).**

28.     Any records showing all personnel of MPD or any other governmental agency present on the date of the incident at the location of the incident, including but not limited to the name of the employee, position title, address and telephone number.

**Response:  The District of Columbia is unaware of any other police personnel at the scene, other than those who have been identified in the documents already disclosed to plaintiff, or specifically identified in its responses to interrogatories.**

As to objections:                        Respectfully submitted:

                                         LINDA SINGER
                                         Attorney General for the District of Columbia

                                         GEORGE C. VALENTINE
                                         Deputy Attorney General
                                         Civil Litigation Division

                                         PATRICIA A. JONES [428132]
                                         Chief, General Litigation, Section IV

                                         ___\s\ Michael Bruckheim_____
                                         MICHAEL BRUCKHEIM [455192]
                                         ZUBERI WILLIAMS[1]
                                         Assistant Attorney General
                                         441 4th Street, N.W., 6th Floor North
                                         Washington, DC 20001
                                         (202) 724-6649; (202) 724-6650; (202) 727-6295
                                         (202) 727-3625 (fax)
                                         E-mail:  Michael.bruckheim@dc.gov
                                         Zuberi.williams@dc.gov


                        **CERTIFICATE OF SERVICE**


        I hereby certify that true copies of the foregoing responses to plaintiff's requests

for the production of documents were hand delivered on this 10th day of December,

2007, to:


Louis Fireison, Esq.
4550 Montgomery Ave.
Suite 910N
Bethesda, MD  20814


                                         ___\s\ Michael Bruckheim_____
                                         Michael Bruckheim
                                         Assistant Attorney General

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR
83.2.