## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON                      )
                                       )
    Plaintiff                     )
                                       )
    v.                            )    Case No.: 1:07-cv-00807
                                       )
THE DISTRICT OF COLUMBIA, et al.       )
                                       )
    Defendants                    )
_____    )

**PLAINTIFF'S RESPONSE TO DEFENDANTS SHAWNEE NOWLIN, MARCIA SLAUGHTER AND THE DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

        COMES NOW Plaintiff, Donald Ray Hinton, by and through undersigned counsel and hereby submits Plaintiff's Response to Defendants Shawnee Nowlin, Marcia Slaughter and the District of Columbia's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Compel Discovery and for Sanctions, and for the reasons therefore states:

        1.     On or about September 24, 2007, Plaintiff propounded discovery requests upon all defendants.

        2.     As defendants indicated in their opposition, the parties appeared before this Court for a status conference on or about November 8, 2007.  At that conference, this Court granted Plaintiff leave to file a motion to compel discovery because of the Defendant's continuing refusal to respond to Plaintiff's discovery .

        3.     On or about October 29, 2007, Plaintiff received Defendant Nowlin's Responses to Interrogatories and Responses to Request for Production of Documents (RPD's).  However, Nowlin's responses were evasive, deficient and incomplete.  Furthermore, no documents were produced with her responses to RPD's.

        4.     On or about November 15, 2007, Plaintiff received Defendant Slaughter's Responses to Interrogatories which were also evasive, deficient and

1

incomplete.  Plaintiff did not receive Slaughter's Responses to RPD's at that time.

5.    On or about November 15, 2007, Plaintiff received Defendant District of Columbia's Responses to Interrogatories which were also evasive, deficient and incomplete.

6.    On or about November 15, 2007, Plaintiff received Defendant District of Columbia's Responses to RPD's.  The responses to RPD's were evasive and minimal documents were produced.

7.    On or about November 26, 2007, Plaintiff received Defendant Slaughter's Response to Interrogatories which were incomplete, evasive and nearly a carbon copy of Defendant Nowlin's responses to interrogatories.

8.    On or about December 3, 2007, undersigned counsel spoke with Defendants' counsel regarding discovery deficiencies.

9.    On or about December 10, 2007, Plaintiff received supplemental responses to RPD's from Defendant District of Columbia and supplemental documents were provided.  Although the documents provided were no longer redacted so that they were completely unidentifiable, discovery as a whole remains evasive, deficient and incomplete.

10.    On or about December 10, 2007, Plaintiff also received Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Compel.

11.    Plaintiff hereby responds to  Defendants' Opposition with the attached Memorandum of Law in Support of Plaintiff's Response.

WHEREFORE, Plaintiff respectfully requests:

1.    That the Motion to Compel Discovery be granted pursuant to Fed. R. Civ. P. 37(a).

2.    That Defendants be required to fully answer Plaintiff's Interrogatories and to produce all documents requested in Plaintiff's Request for Production of Documents.

3.     That Defendants be required to pay attorney's fees and expenses associated with their failure to respond to discovery pursuant to Fed. R. Civ. P. 37(a)(4)(A).

4.     That Defendants be required to pay for the rescheduled deposition of Defendant Nowlin because of her refusal to produce documents at her deposition.

5.     That Defendant Slaughter be required to attend a deposition at least 20 days prior to the end of discovery.

6.     And for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LOUIS FIREISON & ASSOCIATES, P.A.**

BY:      _____/s/_____
Louis Fireison, Fed. I.D.# 103424
4550 Montgomery Avenue
Suite 910N
Bethesda, Maryland  20814-3344
(301) 652-7500

Attorney for Plaintiff

3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DONALD RAY HINTON            )
                             )
       Plaintiff             )
                             )
       v.                    )        Case No.: 1:07-cv-00807
                             )
THE DISTRICT OF COLUMBIA, et al.  )
                             )
       Defendants            )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff, Donald Ray Hinton, by and through undersigned counsel, hereby submits this Memorandum of Points and Authorities in Support of Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion to Compel and for sanctions, and hereby states:

### RELEVANT BACKGROUND

As previously indicated, the parties appeared before this Honorable Court for a status conference on or about November 8, 2007. At that conference, discovery issues were addressed at which time, this Court granted Plaintiff leave to file a motion to compel discovery as defendants have utterly failed to respond to Plaintiff's discovery requests. Subsequent to receiving some discovery responses from Defendant, as outlined in Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Compel and for Sanctions, Plaintiff filed a Motion to Compel and for Sanctions as the responses were wholly deficient, evasive and incomplete.

On or about October 30, 2007, the deposition of Defendant Nowlin was held. The Notice of Deposition requested Defendant Nowlin to produce certain documents at the deposition. However, Defendant Nowlin failed to bring any of the requested documents and Plaintiff was forced to proceed with the deposition without the assistance of essential

4

documents.  No objection was ever filed to Plaintiff's request for documents which was part of the deposition notice.

### APPLICABLE LAW

Federal Rules of Civil Procedure Rule 37(a)(2) indicates that a party may request the court to enter an order compelling discovery when a party fails to answer an interrogatory under Rule 33 of the Federal Rules of Civil Procedure ("F.R.C.P"). F.R.C.P. Rule 33(b)(1) states, "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

Answers to interrogatories may be evasive or incomplete if they are not in proper form.  *See Booker v. Anderson*, 83 F.R.D. 272 (ND Miss 1979).  They are also incomplete if all of the requested information is not given.  *See Moody v. Schwartz,* 97 F.R.D. 272 (SD Tex 1983).  A response to an interrogatory should not merely contain a vague reference to a document allegedly containing the requested information.  *See Willner v. University of Kansas,* 848 F.2d 1023 (10th Cir. Kan 1988) ("incomplete answers justify a motion for more complete answers under Rule 37(a)").   Further, a response which does not state the responding party's personal knowledge of the requested information is evasive.  *See Alliance to End Repression, et. al. v. Rochford, et. al.i* 75 F.R.D. 438 (ND Ill 1976) (indicating "where defendant's sworn answers to interrogatories referred only to unavailability of information because certain documents were not available but made no mention of defendant's personal knowledge of information sought, interrogatory answers were both incomplete and evasive...").  Evasive or otherwise incomplete answers to an interrogatory are treated as a failure to answer.  Fed.R.Civ.P. 37(a)(3),

F.R.C.P. 37(a)(2) further provides a party to move for an order compelling

5

discovery when a party fails to respond to a request for production of documents.

## ARGUMENT

Defendants argue that Plaintiff's Motion to Compel and for Sanctions should be denied on the following grounds: 1) plaintiff's motion to compel is moot as to Defendant Slaughter because Plaintiff has received her interrogatory responses and 2) Plaintiff failed to comply with F.R.C.P. 37(a)(2)(A) because Plaintiff did not attempt to confer with defendants regarding the remaining discovery responses.  Plaintiff disagrees.  Although Plaintiff has received Defendant Slaughter's responses to interrogatories, her responses were evasive and incomplete.  Further, her responses were nearly a carbon copy of Defendant Nowlin's responses to interrogatories whereby some of her answers were not even changed so as to indicate her personal knowledge of the information requested. For example, her response to interrogatory number 10 was almost identical to Defendant Nowlin's response and even stated, "Both Officer Slaughter and I told Mr. Hinton that we would not talk to him because he was irate and we were not his children."  Defendant Slaughter's response should be from her personal knowledge; it should not be from Defendant Nowlins' personal knowledge.

Further, some of Defendant Slaughter's responses to interrogatories were non-responsive.  For example:

<u>Interrogatory No. 21 states</u>:

Did you, immediately prior to, during, or immediately subsequent to the arrest and detention of Donald R. Hinton on or about May 6, 2006, participate in any conversation or communication relating to his arrest and detention with any persons that were subsequently involved in his arrest and detention?  If you answer is in the affirmative, state the nature of the communication or conversation and the name, address and telephone number of the persons who you had the conversation or communication.

<u>Response</u>:

Objection as vague and ambiguous, and as to relevance.  Notwithstanding the objections and further answering, see Answers #4 and 10. Defendant Slaughter fails to

respond to the interrogatory and directs Plaintiff to other answers provided.  However, the answers Plaintiff was directed to are also non-responsive to the interrogatory.

Not only are Defendant Slaughter's responses to interrogatories deficient, so are Defendant Nowlin's and Defendant District of Columbia's.   Defendants have failed to provide full answers to Plaintiff's request for interrogatories and request for production of documents.  Defendants' responses as a whole provide Plaintiff with minimal information.  More specifically, Defendants improperly object to numerous interrogatories and merely refer to documents that were prepared by defendants in responding to some of the interrogatories.  For example:

<u>I</u><u>nterrogatory No. 14 states</u>:

Identify all persons or entities, including their name, address and telephone number to whom you have discussed or given a recorded, written or oral statements concerning the Incident, the specific substance of any such statements or discussions, the circumstances under which such statements were given, and if any such statement was written, recorded or otherwise transcribed, identify the present custodian of the documents.

<u>Nowlin's Response</u>:

Objection as overly broad and burdensome.  Notwithstanding the objections and without waiver thereto, I don't recall giving or writing any statements other than the PD251, dated May 06, 2006.

Defendant Nowlin's response fails to properly respond to the interrogatory.  She merely refers to a document and fails to address the specific information requested.  Defendant has an obligation to provide any personal knowledge responsive to the interrogatory.  Another example would be:

<u>Interrogatory No. 25 states</u>:

State whether you, your attorneys, or any person employed by you or your attorneys have possession of or know of existence of any books, records, reports made in the ordinary course of business, printed or documentary material, photographs, video tapes, drawings or documents, or other tangible objects that describe, record, or are otherwise relevant to the arrest and detention of Donald R. Hinton on or about Mat 6, 2006.  If you answer is in the affirmative, give:

(A) the name or description of each such item;

7

(B) the name and address of each person who made or prepared each such item;
(C) the name and address of the present custodian of each such item;
(D) te date, time and place where each such item was made or prepared;
(E) the method by and purpose for which each such item was made or prepared;
(F) the manner in which each such item describes, records or is otherwise relevant to the arrest and detention of the plaintiff on May 6, 2006.

Nowlin's Response:

Objection as violative of the attorney-client, attorney work product and/or deliberative process privileges. Notwithstanding the objections, this defendant does not have information that is responsive to this request.

Defendant's response is again non-responsive as she has an obligation to provide any personal knowledge she has. If she has no personal knowledge, then she must state so and not merely answer that she does not have information responsive to the request. Further examples include:

Interrogatory No. 6:

At the time of Incident, describe in detail the criteria, standards and procedures used by Metropolitan Police Department or any employee thereof, in evaluating, investigating or otherwise reviewing the use of excessive force, by an officer of the Department.

District of Columbia's Response:

Objection as vague, overly broad, and irrelevant. Notwithstanding the objection, please refer to the enclosed General Orders.

The District of Columbia cannot merely refer to documents that have been provided and avoid responding to the interrogatory. Plaintiff was provided with numerous General Orders, many of which are not relevant to the interrogatory. Defendant has a duty to at the minimum, provide the specific General Order number. *Willner v. University of Kansas,* 848 F.2d 1023 (10th Cir. Kan 1988) (a response to an interrogatory should not merely contain a vague reference to a document allegedly containing the requested information).

Interrogatory No. 12 to District of Columbia:

8

Identify all persons who have investigated the incident involving the Plaintiff indicating the full name, address or each officer, employee, servant and/or agent of the Department , and the conclusions and/or findings resulting there from.

<u>District of Columbia's Response:</u>

See PD 163.

Again, this response is non-responsive and merely directs Plaintiff to a document allegedly containing the names of all persons who have investigated this incident. PD 163 is an arrest report filed by Defendant Nowlin; no where does it indicate all persons who have investigated this incident.

Defendants' responses to requests for production of documents are also deficient. As Plaintiff indicated in his Motion to Compel and for Sanctions, Defendants Nowlin and Slaughter's responses to many of the requests indicates, "This defendant does not have any documents responsive to this request." Defendants should at the least indicate if such documents are even in existence. Plaintiff has not received any documents from Defendants Nowlin and Slaughter other than their personnel files, which are incomplete. Plaintiff did receive Supplemental Responses to RPD's from the District of Columbia, however, Plaintiff maintains that the responses are still deficient.

Plaintiff argues that after the court authorized the filing of the Motion to Compel, all obligation to confer under the Federal Rules of Procedure were complied with. However, undersigned counsel has conferred with defense counsel which was an act in futility. Further, Defendants' counsel was present at the status hearing and was on notice of Plaintiff's concern regarding the complete lack of discovery provided. Plaintiff does not have an obligation to keep reminding Defendants of their duty to provide discovery responses, especially since this Court has already addressed the issue. If defendants would spend their energy in responding to Plaintiff's discovery as required, the motion would not have been filed.

WHEREFORE, for the foregoing reasons, Plaintiff requests this Court enter an order compelling all Defendants to provide full and complete discovery responses and an award of attorney's fees and costs.

Respectfully submitted,

**LOUIS FIREISON & ASSOCIATES, P.A.**

BY: _____/s/_____

Louis Fireison, Fed. I.D.# 103424
4550 Montgomery Avenue
Suite 910N
Bethesda, Maryland 20814-3344
(301) 652-7500

Attorney for Plaintiff