UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD RAY HINTON )<br>  )<br>　Plaintiff )<br>  )<br>　v. )<br>  )<br>THE DISTRICT OF COLUMBIA, et al. )<br>  )<br>　Defendants )<br>  ) | Case No.: 1:07-cv-00807 |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

COMES NOW Plaintiff, Donald Ray Hinton, by and through undersigned counsel and respectfully requests that court enforce a settlement agreement between the parties and for the reasons therefore states:

1. That the parties entered into a settlement agreement in the above-referenced matter with the assistance of Magistrate Judge Alan Kay on or about March 20, 2008.

2. That as a result of reaching a settlement agreement, undersigned counsel filed a status report with the Honorable James Robertson on or about March 28, 2008, indicating that the parties have reached an agreement.

3. That the terms of the settlement agreement required that the District of Columbia pay to Plaintiff $100,000.00 plus the January 29, 2008 court ordered sanctions.

4. That upon receiving the proposed release from defendants, undersigned counsel discovered that the January 29, 2008 court ordered attorney's fees were omitted from the release. The court ordered sanctions for the court reporter fees were already paid by the District of Columbia and posted to MGB Reporting, Inc.'s account on or about March 21, 2008. (See Exhibits 1 and 2).

5. That counsel for defendants has indicated that they do not intend to pay

1

the court ordered sanctions as part of the agreement reached between the parties.

6. That Judge Kay has reaffirmed the understanding of Plaintiff's counsel that the agreed settlement between the parties was that the District of Columbia was to pay Plaintiff $100,000.00 plus the January 29, 2008 court ordered sanctions.

7. That all communication relating to the agreed settlement was through Judge Kay.

8. That "under the substantive contract law of most American states, the general rule is that oral contracts are enforceable unless some specific enactment, such as a statute of frauds, renders a specific category of oral contracts unenforceable." *Samra v. Shaheen Bus. and Inv. Group*, 335 F.Supp.2d 483, 497 (D.D.C. 2005). *See also Jack Baker, Inc. v. Office Space Dev. Corp.,* 664 A.2d 1236, 1238 (indicating that oral settlement agreements are generally held to be enforceable in the District of Columbia).

9. That the oral settlement agreement reached in the above-referenced matter does not fall within the statute of frauds. *See Restatement (First) of Contracts,* §178 (2008).

10. That in the interest of justice and public policy, this court should order that the District of Columbia specifically perform their side of the settlement agreement that was entered into between the parties.

11. That there is no justification for the actions of the Defendants which has now resulted in a substantial amount of unnecessary additional counsel and judicial time.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Grant Plaintiff's Motion to Enforce Settlement Agreement;

  2. Order the District of Columbia to perform under the settlement agreement that was entered into;

  3. That a judgment be entered in favor of the Plaintiff in the amount of $100,000.00 plus court ordered attorney fees in the amount of $1,575.00, nunc pro tunc to March 20, 2008, the date the settlement was consummated.

  4. That this court award Plaintiff counsel fees for the necessity of filing this motion and the time expended to enforce the settlement agreement.

  5. And for such further relief that the Court deems just and proper.

           Respectfully submitted,

           **LOUIS FIREISON & ASSOCIATES, P.A.**

        By**:** /s/ Louis Fireison
           Louis Fireison, #103424

        By**:** /s/ Patricia H. Ley
           Patricia H. Ley, MD #17181
           4550 Montgomery Avenue
           Suite 910N
           Bethesda, Maryland  20814-3344
           (301) 652-7500

           Attorneys for Plaintiff

## POINTS AND AUTHORITY

1) *Samra v. Shaheen Bus. and Inv. Group*, 335 F.Supp.2d 483, 497 (D.D.C. 2005).

2) *Jack Baker, Inc. v. Office Space Dev. Corp.,* 664 A.2d 1236, 1238

3) Restatement (First) of Contracts, §178 (2008)

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD RAY HINTON )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, et al. )<br>)<br>    Defendants )<br>_____) | Case No.: 1:07-cv-00807 |

### AFFIDAVIT OF LOUIS FIREISON

Louis Fireison deposes and states:

1. That I am the principal attorney in the above captioned matter.

2. That on February 14, 2008, pursuant to the Order of this court entered on January 9, 2008, a settlement conference was held before U.S. Magistrate Judge Alan Kay. Plaintiff was present as well as counsel for all parties. No settlement was reached.

3. That approximately three weeks later, U.S. Magistrate Judge Alan Kay contacted the undersigned in an attempt to try and reach an amicable settlement. After negotiations through Judge Kay, an offer was communicated to the undersigned which was acceptable, except that the sanctions ordered by this court on January 29, 2008 would be in addition to the agreed settlement amount. Judge Kay indicated that he would contact counsel for defendants and subsequently advised the undersigned that settlement in the amount of $100,000.00 plus the court ordered sanctions was acceptable to defendants.

4. That prior to the settlement agreement, counsel for the Plaintiff inquired of Michael Bruckheim, Esq., counsel for defendants whether he wanted the undersigned

to submit a motion to the court for approval of attorneys fees. Mr. Bruckheim indicated that it was not necessary and that counsel for Plaintiff should submit a bill directly to Mr. Bruckheim for payment. Subsequent to the settlement agreement of the parties, as indicated above, counsel for Plaintiff inquired of Mr. Bruckheim as to the status of the payment of attorneys fees as a result of the court order of January 29, 2008. Mr. Bruckheim at no time indicated that there was any issue. In fact, he indicated that the court reporter fees was paid as a result of the court order dated January 29, 2008 and that the attorney fees would be paid.

5. That the undersigned counsel received a release from defendants for review as a result of the settlement agreement between the parties. The court ordered attorney fees were omitted. The undersigned counsel immediately contacted counsel for defendant, Zuberi Williams, who indicated that he will have the language added. Several days later, Mr. Williams informed the undersigned that the District will not pay the court ordered attorney fees.

6. That subsequent to being advised that Defendants will not pay the sanctions as ordered by the court and agreed to by the parties, the undersigned immediately contacted Judge Kay who verified the agreement. Judge Kay requested that the undersigned take no further action until he discussed the matter with counsel for the defendants.

7. After several contacts with counsel for the defendants, Judge Kay advised the undersigned on April 18, 2008 that the defendants are refusing to pay the court ordered sanctions as agreed to by the parties.

8. That there is no doubt that the parties reached an agreement with the

assistance of Judge Kay in the amount of $100,000.00 plus the court ordered sanctions. All contact and communication related to the settlement was done through Judge Kay and there was no separate communication between counsel until after Judge Kay communicated an agreement between the parties.

9.  That at no time prior to review of the release by the undersigned and discussing the document with Mr. Williams, did the defendants ever indicate that they would not pay the court ordered sanctions.

10. That I am competent to testify as to all matters contained herein.

I DO SOLEMNLY declare and affirm under penalties of perjury that the matters and facts contained herein are true and correct to the best of my personal knowledge.

_____
Louis Fireison

Dated: April 21, 2008

LAW OFFICES

## LOUIS FIREISON & ASSOCIATES, P.A.

SUITE 910 NORTH
AIR RIGHTS CENTER
4550 MONTGOMERY AVENUE
BETHESDA, MARYLAND 20814-3344

(301) 652-7500

LOUIS FIREISON
PATRICIA H LEY***

OF COUNSEL
DANIEL J BLUM**
NICHOLAS N KITTRIE*
VINCENT T LYON**

*ADMITTED IN D.C. ONLY
**ADMITTED IN MARYLAND AND D C ONLY
***ADMITTED IN MARYLAND ONLY

WASHINGTON, D C OFFICES

1625 K STREET, N W
SUITE 905
WASHINGTON, D C 20006

VIRGINIA OFFICES

3680 WHEELER AVENUE
ALEXANDRIA, VIRGINIA 22304
(703) 461-0500

March 4, 2008

Michael P. Bruckheim, Esquire
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D. C. 20001

RE:   Donald Hinton v. The District of Columbia, et al

Dear Mr. Bruckheim:

Pursuant to our telephonic conversation, I am setting forth the time spent related to failure of your client to appear her third scheduled deposition;

| | |
|---|---|
| Preparation of Notice of Deposition | .30 |
| Preparation for deposition | 2.00 |
| Scheduled deposition | 1.00 |
| Preparation of Motion for Sanctions | 1.00 |
| Total | 4.30 |

As you know, the date of the rescheduled deposition was agreed by your office. My usual and customary rate is $350.00 per hour and I have been practicing for over 35 years. I have not included any secretary time or expenses. It is my understanding that your client will pay the court reporters fee as ordered by the court and that I will not have to file a motion with the court for approval of our fees.

Your courtesy in this matter is greatly appreciated. If you have any questions, please feel free to contact me.

Very truly yours,

**LOUIS FIREISON & ASSOCIATES, P.A.**

By: _____
Louis Fireison

LF/jf
Z:\Hinton, Donald\Correspondence\Bruckheim.03.wpd

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD RAY HINTON ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | Case No.: 1:07-cv-00807 |
| ) | |
| THE DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
|    Defendants ) | |
| _____ ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Enforce Settlement Agreement, and any opposition thereto, and after review of the record, it is by this Honorable Court on this ____ day of _____, 2008, hereby

ORDERED, that Plaintiff's Motion to Enforce Settlement Agreement be and is hereby GRANTED, it is further

ORDERED, that judgment be entered in favor of the Plaintiff against the District of Columbia, Marcia L. Slaughter and Shawnee Nowlin in the amount of $100,000.00 plus court ordered attorney fees in the amount of $1,575.00, nunc pro tunc to March 20, 2008, the date the settlement was consummated, and it is further

ORDERED, that the District of Columbia, Marcia L. Slaughter and Shawnee Nowlin shall pay to Plaintiff reasonable counsel fees for the necessity of filing this motion and the time expended to enforce the settlement agreement.

_____
Judge James Robertson